LOTTINGER, Judge.
Defendants, Margaret A. Page and Dennis A. Scott, brother and sister, appeal their convictions under La.R.S. 14:62.2 for burglary of an inhabited dwelling. Their appeal involves contentions that a mistrial should have been ordered due to prosecuto-rial misconduct and/or violation of an order sequestering the witnesses.
FACTS
Defendants were arrested for the burglary of an inhabited dwelling in which two televisions, a camera, and approximately $170.00 in cash were taken. The defendants were identified by the testimony of two teenagers, Varetta Polk and Elton Tap-lin, who noted suspicious behavior on the part of two males walking down their street and a female driving a car slowly behind them. The teenagers later saw the two males emerge from the victim’s residence, carrying two large box-like objects which they placed into the car being driven by the female. The female and her car were recognized by the youngsters, who claimed to have seen her visiting in the neighborhood. The male defendant -herein was identified by one of the youths who recognized him as a frequent visitor of a neighbor. The testimony of and identification by the two youths formed the major portion of the state’s case against the defendants.
TRIAL COURT
After a consolidated trial by jury, both defendants were convicted as charged under La.R.S. 14:62.2. Defendant Margaret Page was sentenced to one year at hard labor. After a hearing, defendant Dennis Scott was sentenced as a second felony offender under La.R.S. 15:529.1 to twelve years at hard labor. Both defendants appeal their convictions, urging two assignments of error.
ASSIGNMENTS OF ERROR
Defendants-appellants assign the following as error:
1. That the trial court erred in refusing to order a mistrial at the request of defendants after it was learned that a state witness had violated the court’s sequestration order.
2. That the trial court erred in failing to grant a mistrial when a police officer, in response to questions from the assistant district attorney, referred in his testimony to the fact that defendant, Dennis Scott, had a criminal record.
ASSIGNMENT OF ERROR NO. 1
The defense was based in part on the improbability of the eyewitnesses’ ability to accurately identify the defendants on a dark street. For this reason, defendants obtained an order sequestering all witnesses in the trial, and the court admonished the witnesses not to discuss the case among themselves.
After Varetta Polk and Elton Taplin testified on behalf of the state, defense counsel moved for a mistrial, arguing that Miss Polk had been observed talking to one or more other witnesses about her testimony. The trial was interrupted while several witnesses testified as to the violation. Ms. Hilda King stated that Miss Polk made a *103 passing comment to Elton Taplin when the latter was on his way into the courtroom to testify. Ms. King was not able to discern what was said to Taplin. Ms. King also testified that Yaretta Polk told Warren Be-lezaire, whose home was burglarized, and other witnesses that she had identified the woman driving the automobile and that defense counsel had asked her repetitive and confusing questions. Ms. King further testified that another witness reminded Miss Polk that the judge had forbidden the witnesses to discuss the case, and that the conversation then lapsed. Ms. Olevia Green corroborated Ms. King’s testimony that Warren Belezaire conversed with Miss Polk and told her not to discuss the case, but Ms. Green could not discern what had been said previous to Belezaire’s warning.
La.Code Crim.P. art. 764 provides for the sequestration of witnesses in a criminal trial. Violation of the sequestration rule does not automatically disqualify a witness from testifying; the sanction provided by the Code is a citation for contempt of court, La.Code Crim.P. art. 21(3). However, La.Code Crim.P. art. 775 provides that a mistrial shall be declared when prejudicial conduct in or outside the courtroom makes it impossible for a defendant to get a fair trial. Defendants contend that they were prejudiced irreparably by Miss Polk’s discussion of her testimony with other witness, and argue that a mistrial should have been granted.
We disagree. A violation of the sequestration order does not warrant a mistrial absent any indication that the violation materially prejudiced the defendant. State v. McGraw, 366 So.2d 1278 (La.1978). Yaretta Polk and Elton Taplin were the only witnesses to testify to the circumstances surrounding the burglary. The record reveals only that a brief remark was passed between the two and does not indicate the content of such remark; thus, no proof was adduced that Elton Taplin’s testimony was changed or influenced in any way by Miss Polk’s speaking to him. Defendants have therefore failed to demonstrate prejudice.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
During examination of a police officer, the assistant district attorney asked the officer if a photo lineup had been compiled during the investigation of the burglary. The officer stated that he had put together a photo lineup of six black males. The prosecuting attorney inquired as to the source of the photos, and the officer testified that they were pulled from the criminal records. The testimony later indicates that Varetta Polk and Elton Taplin identified defendant Dennis Scott from this photo lineup.
Defendants contend that this colloquy was an attempt by the prosecutor to adduce “other crimes” evidence, violating La.Code Crim.P. art. 770. Defendants argue that even though no objection was made to the answers solicited from the police officer, nevertheless, the resulting prejudicial effect of this testimony was so great, and the prosecutorial conduct so egregious, that no contemporaneous objection should be required, and that a mistrial should have been ordered nonetheless.
La.Code Crim.P. art. 841 states that an irregularity cannot be availed of after verdict unless it was objected to at the time of the occurrence. While La.Code Crim.P. art. 770 provides that a mistrial shall be granted if a remark referring to another crime as to which evidence is not admissible is made within the hearing of the jury by the judge, prosecutor, or a court official, such mistrial shall be ordered upon motion of the defendant. At no time during the trial did defendants object to the testimony at issue or request a mistrial on these grounds. Thus, even if the reference to Dennis Scott’s criminal record was an error, the defendants’ failure to timely raise a contemporaneous objection, ask for an admonition, or move for a mistrial is a waiver of any such error. State v. Baylis, 388 So.2d 713 (La.1980); State v. Williams, 383 So.2d 996 (La.1979).
This position is bolstered by the fact that defense counsel continued and expounded upon this line of questioning upon cross-ex *104 amination of the police officer, elucidating the fact that Dennis Scott’s lineup photograph had been taken from police records on prior arrestees. We therefore find no prejudice to the defendants.
This assignment of error lacks merit.
DECREE
Therefore, for the reasons assigned, the convictions and sentences of the defendants herein are affirmed.
AFFIRMED.