453 So.2d 1234 (1984)
STATE of Louisiana
v.
Murry S. LUCKY, et al.
No. 83 KA 1244.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1236 J. Kevin McNary, Asst. Dist. Atty., Covington, for plaintiff-appellee.
Salvador J. Liberto, Jr., Covington, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant, Murray Stephen Lucky, was charged with an armed robbery which occurred on November 4, 1980, in violation of La.R.S. 14:64. He pled not guilty, and after a jury trial, was found guilty as charged. He was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence. He appeals his conviction and sentence, alleging ten assignments of error as follows:
1. The Court erred in denying the Motion to Suppress the identification.
2. The Court erred in finding probable cause for the arrest of defendant.

*1237 3. The Court erred in not declaring a mistrial when witness Cook referred to the defendant as having been a suspect in previous burglaries or robberies.
4. The Court erred in refusing to permit the defense counsel to view the contents of a file from which the state's witness used material to refresh his memory.
5. The Court erred in admitting into evidence exhibits at the close of State's case in chief.
6. The Court erred in denying a motion for a directed verdict of acquittal.
7. The Court erred in not compelling the state to produce the composite drawing made at the direction of Mary Cittandino.
8. The Court erred in not granting a mistrial or even admonishing the jury to disregard statements made by the state that defense counsel would tell the people of Mississippi that all the people in Louisiana were stupid if they were to find the defendant not guilty.
9. The Court erred in denying the jury's request to view the transcript of a preliminary motion that had been admitted into evidence.
10. Because of error patent on the face of the record, the conviction should be reversed.
Assignment of error number 6 was withdrawn by defendant. Assignment of error number 10 was a request for a patent error check. No errors patent on the face of the record were found.

FACTS
On November 4, 1980 two men committed an armed robbery at the G & W Store in Slidell, Louisiana. The owner, James Wingerter, had just entered the store through the back door when he heard someone following him. As he turned around he fell down in the storeroom and saw a man holding a gun. This man told him to roll over and continue to lie on the floor. An employee, Mary Cittandino, was also in the store, preparing to close for the day. She saw the two men come through the back door and point a gun at the owner. One of the men forced her into the storeroom and told her to lie down.
Although in the next room, the owner and employee could hear the robbers breaking the locks on the cabinets containing narcotics. The robbers came back into the storeroom, tied the victims up with adhesive tape, and left. The victims were able to free themselves and call the police. They discovered that the robbers had broken into the narcotics cabinets and taken the drugs inside. A garbage can was also missing and apparently was used by the robbers to carry the drugs out. The robbers fled in the owner's truck, which was later found by the police.
A few days after the robbery, officers in Gulfport, Mississippi were told by a confidential informant that Steve Lucky and another man, Steve Touart, robbed a pharmacy in Louisiana. The Mississippi State Police also received a call from an anonymous person who said that a plastic garbage bag containing drugs could be found on a wooded path near an elementary school in Biloxi. After recovering the pills the Mississippi authorities contacted the Slidell police, who confirmed that G & W Drugs Store had been robbed.
After receiving this information, the Mississippi police attempted to put together a photographic line up. They did not have a picture of defendant on file, but obtained a 1974 yearbook from Gulfport High School, which contained defendant's picture. Phillip Ladner, an investigator with the Gulfport police, and Lionel Hicks and Bernell Lawrence of Slidell police department, met with Wingerter to obtain an identification of the robbers. Wingerter, who only saw one of the robbers, identified Touart from a photographic lineup display but was not shown the yearbook containing defendant's picture.
The police contacted the employee who identified defendant as one of the robbers. This identification was not from a photographic *1238 lineup, but rather, from the photos in the yearbook.
The employee also testified that, after the robbery, she gave police a description of defendant and a "composite drawing" was made. At the Motion to Suppress hearing defense counsel sought to have this drawing produced. Neither the prosecutor nor any of the officers who testified were aware of a photograph or a drawing made from this description.
A fingerprint expert testified that defendant's fingerprints were found on the pill bottles recovered in Mississippi. Defendant contends that another man who resembled him committed the robbery with Touart. Lucky testified that these two men approached him about buying some of the drugs. He stated that, although he looked at and handled some of the bottles, he did not buy any drugs.
After defendant was arrested he filed Motions for a preliminary examination and to suppress the identification. After a hearing, the trial judge ruled there was probable cause and denied the motion to suppress.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends the trial court erred in denying the motion to suppress the identification. He argues that the identification procedure was so impermissively suggestive that it violates due process.
A defendant attempting to suppress an identification must prove (1) that the identification was "suggestive" and (2) that there was a likelihood of misidentification in the identification procedure. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir. 1983); writ denied 444 So.2d 1242 (La. 1984). The defendant has the burden of proving the ground of the motion to suppress, i.e. the suggestiveness of the procedure, La.Code Crim.P. art. 703(D), and, in reviewing the procedure, the trial court must look at the totality of the circumstances surrounding the identification. State v. Nathan, 444 So.2d 231 (La.App. 1st Cir.1983), writ denied 445 So.2d 1232 (La.1984). A lineup is unduly suggestive if the identification procedure displays the defendant so that the witness' attention is focused on the defendant. State v. Nathan, supra.
In the present case, the procedure was not suggestive. Mary Cittandino, an employee and victim of the robbery, was given a high school yearbook containing defendant's picture and asked if she could identify the robbers. The record indicates there was contradictory testimony as to the manner in which she was handed the yearbook. The officers stated the yearbook was closed when given to her and that no suggestion was made as to the pages she should examine. The witness stated that she was asked to look through specific pages in the yearbook. She did state, however, that there was no suggestion as to which person to pick out, and she did not know defendant's name before she identified him.
We find no suggestiveness in the officers' request that the victim look only through specific pages. She was not told which picture to pick out. Although we find that the use of pictures in a high school yearbook is an unorthodox method of conducting a photographic lineup display, we do not find the procedure was unduly suggestive.
Even if the identification were suggestive, this alone would not indicate a violation of the defendant's right to due process. It is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Guillot, 353 So.2d 1005 (La.1977), writ denied 367 So.2d 864 (La.1979).
Furthermore, if only one person in the lineup has the characteristics of the perpetrator, the witness' attention will be focused on that person. State v. Davis, 385 So.2d 193 (La.1980). Although strict identity of physical characteristics among the persons depicted in the photo array is not required, State v. Smith, 430 So.2d 31 *1239 (La.1983), a lineup will be found unduly suggestive if a sufficient resemblance of characteristics and features of the persons in the lineup, e.g. built, hair, facial hair and complexion, does not exist to reasonably test the identification. State v. Davis, supra.
There were over 300 black and white photographs in the junior class section of the yearbook. Of this number approximately 135 were Caucasian males and of that number at least five had similar hair length, complexion and wore glasses. Although a few of these five appear to have hair color lighter than that of defendant, we think there is a sufficient resemblance of characteristics in at least these five photographs to reasonably test the identification. Moreover, defendant's looks have not changed significantly since the time the yearbook picture was taken as evidenced from the recent mug shot of him.
Furthermore, a suggestive identification will not result in reversal of a conviction if it is demonstrated that the identification was reliable. The factors to be used in determining reliability include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the description, (4) the witness' level of certainty, and (5) the time between the crime and the confrontation. Manson v. Brathwaite, supra; State v. Nathan, supra.
Applying the Manson analysis to the present case we find that the out-of-court identification was reliable and that there was no misidentification. The witness's attention was focused on defendant in the well lit store from the time he entered until he forced her into the storeroom. Furthermore, the identification was made about three days after the robbery. This identification was reliable and did not violate due process.
Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends the trial court erred in finding probable cause at the preliminary examination. He argues that there was no probable cause for the arrest of defendant.
The question of probable cause for defendant's pretrial imprisonment is now moot since defendant has been tried and convicted. State v. Sweeney, 443 So.2d 522 (La.1983).
In any event, we find ample evidence to support probable cause for the arrest. Drugs stolen in the robbery were found in Biloxi area. A confidential informant, who had previously given reliable information, informed the Mississippi police that defendant committed the robbery. Furthermore, one of the victims positively identified defendant as one of the robbers.
Thus, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in not declaring a mistrial when Officer Cook, a state witness, referred to "other crimes" of the defendant. The testimony of Officer Cook that defendant cites as referring to other crimes evidence is as follows:
Q. After you recovered these objects, Officer what other participation did you have in this investigation?
A. Investigator Ladner provided me with two names of suspects of possible burglaries or robberies that had occurred earlier.
Q. What names were they?
A. Murry Stephen Lucky and Stephen Touart.
La.Code Crim.P. art. 841 states that an irregularity cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.Code Crim.P. art. 770 mandates that a mistrial shall be ordered upon motion of the defendant. At no time during the trial did defendant object to the testimony at issue, *1240 nor did he move for a mistrial or ask for an admonition on that basis. Defendant, therefore, has waived any such error. State v. Page, 431 So.2d 101 (La.App. 1st Cir.1983).
Even if defendant had requested a mistrial, we find that the declaration of a mistrial was not warranted. La. Code Crim. P. art. 770 mandates a mistrial when a reference to other crimes is made by the judge, district attorney, or a court official. A police officer, however, is not a court official within the meaning of La. Code Crim. P. art. 770; and, therefore a mistrial is not required even if a policeman in the course of testifying refers to another crime. State v. Nathan, supra.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant contends the trial court erred in refusing counsel's request to view contents of a file from which Officer Cook, a state witness, used material to refresh his memory.
La.R.S. 15:279 provides:
A witness may be allowed to refresh his memory by reference to his testimony given on the preliminary examination, or at a coroner's investigation, or on a previous trial, or, for the purpose of refreshing his present memory a witness may examine memoranda, and it is immaterial by whom or when the memoranda were made, provided that, after such inspection, the witness can testify to the fact.
A trial judge should require production of a police report for defendant's inspection when (1) an officer's testimony at trial is from his report rather than his memory, that is, if the testimony is the product of past recollection recorded rather than present memory refreshed, State v. Tharp, 284 So.2d 536 (La.1973); and (2) when a witness has referred to his report or notes, while he is on the stand, even though presumably only to refresh his memory while testifying. State v. Franks, 363 So.2d 518 (La.1978).
In the instant case, the officer did not use his entire file to refresh his memory while he was testifying. The officer testified that he reviewed his file prior to taking the witness stand. He did use one page of his file, a copy of the yearbook page containing defendant's picture, which defense counsel viewed. It is apparent from the record that the officer was testifying from his memory and not from notes. He testified to that which he actually knew and remembered and not to what he had recorded earlier.
Thus, the trial judge did not err in refusing defendant's request to see the entire file.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 5
Defendant contends that trial court erred in admitting into evidence, state's exhibit number 3, which consisted of a plastic bag containing labels. Although defendant does not specifically state the legal basis for his argument, we assume he is arguing that a sufficient foundation and chain of custody was not established.
Demonstrative evidence can be admitted into evidence only after it is shown that, more probable than not, the evidence is connected to the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Robertson, 441 So.2d 1281 (La.App. 1st Cir. 1983), writ denied 446 So.2d 314 (La. 1984).
A review of the record shows that both a chain of custody and a visual identification of the labels were made, establishing a more-probable-than-not connection between the labels and the crime. Officers testified that the labels were found jumbled together with pill bottles in a plastic bag found in a wooded area in Biloxi. Testimony also showed that these exhibits contained defendant's fingerprints.
*1241 Thus, the trial court did not err in admitting this evidence.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 7
Defendant contends that the trial court erred in failing to compel the state to produce a composite drawing of defendant made from the description of a witness. A review of the record shows that the witness testified a drawing was made from her description. She did not say, however, nor did the officers indicate that a permanent copy or photograph was made from this drawing.
In addition, the trial judge did ask the state if it had the drawing, and ordered its production for defense counsel if the drawing existed. The prosecutor stated that the officer in charge of the Slidell investigation was unaware of the drawing.
Thus, we find that there was no proof that a drawing was in the possession, custody or control of the state. Nor is there any proof that this drawing existed at all.
Furthermore, contrary to defendant's argument the trial judge did order the state to produce the drawing. Defendant's counsel also brought to the jury's attention the absence of the drawing that the witness said was made. Since the State could not produce a drawing which did not exist, we find no error.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 8
Defendant contends the trial court erred in not granting a mistrial or admonishing the jury to disregard statements made by the prosecutor in his closing argument.
During the state's rebuttal closing argument the prosecutor stated:
And we cannot allow druggists to be continually robbed and murdered in their drug stores in Louisiana. I don't know how they think in Mississippi. And Mr. McGuire may go back there and, if you find this man not guilty, tell everyone how stupid everybody is in Louisiana or
Defense counsel objected and the trial court sustained the objection. Defense counsel did not move for a mistrial nor did he ask for an admonition. Defendant contends that the trial court should have considered the timely objection as a request for a mistrial. We disagree.
If an objection is sustained, defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied either an admonition to disregard or a mistrial. State v. Michel, 422 So.2d 1115 (La.1982).
Furthermore, before a verdict is set aside on the ground of improper argument, we must be convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Michel, supra. Although the prosecutor's remarks herein were improper, we do not find that the jury was influenced by them, or that they contributed to the verdict. Thus, the trial judge did not err in not granting a mistrial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 9
Defendant contends that the trial court erred in denying the jury's request during deliberations to view the transcript of a witness' testimony at a prior hearing which had been admitted into evidence.
Prior to resting his case, defendant offered into evidence a copy of the transcript of the testimony of a state witness, Mary Cittandino, from the hearing on the motion to suppress. There was no objection from the state, and the trial judge admitted this evidence. We note, however, that the record does not indicate that this testimony was read to the jury or that the jury reviewed the transcript on its own.
About two hours after the jury had begun deliberations, it requested that it be allowed to see the transcript. The trial court denied this request.
La. Code Crim. P. art. 793 states:

*1242 A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.
Thus, the jury was prohibited from having access to this transcript after it retired. We also note that since defendant, offered this evidence as his exhibit, it was defense counsel's duty to read the transcript of request that it be read to the jury.
Furthermore, we find that a review of the trial transcript shows that defense counsel used this witness' prior testimony in his attempt to impeach her. The jury would not have received any more information by reading the transcript than it heard on cross examination during the trial. Therefore, the trial court did not err in denying the jury's request to review the transcript after deliberations began.
This assignment of error is without merit.
Therefore, for the above and foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.