ALFORD, Judge.
Henry West was charged by bill of information with introducing contraband into a parish jail in violation of LSA-R.S. 14:402 C. Defendant entered a plea of not guilty. A jury convicted him as charged, and he was sentenced to serve five years at hard labor. He has appealed, urging six assignments of error.
West Baton Rouge Parish Deputy Sheriff Sonny Massey, a warden at the West Baton Rouge Parish Jail, testified that on October 27, 1984, during regular visiting hours, defendant came to the jail to visit inmate Herman Tasker. On the date in question, Massey received a package which he was certain defendant had given him. Massey found a bottle of Shower to Shower talcum powder and a magazine inside the package. He removed the bottle from the package and took it directly into the booking room, where he and West Baton Rouge Parish Sheriff’s Detective Donald A. Hor-ner opened the bottle and found a green leafy substance believed to be marijuana in a plastic bag inside the powder bottle. In the meantime, defendant had been permitted to see inmate Tasker. Following the discovery of the green leafy substance, Detective Horner advised defendant of his constitutional rights and placed him under arrest. It was stipulated that the green leafy substance was in fact marijuana.
ASSIGNMENTS OF ERROR NOS. 1, 3 AND 4
By means of these assignments, defendant essentially contends that the trial court erred by admitting the powder bottle and plastic bag containing the marijuana into evidence without requiring the state to establish a proper chain of custody for those items.[1]
To admit such evidence at trial, the identification can be visual or it can be by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Gibson, 459 So.2d 1294 (La.App. 1st Cir.1984). It is not necessary that all possibility of alteration be eliminated for evidence to be admissible, as long as the evidence establishes connexity by a preponderance of the evidence. State v. Whittaker, 463 So.2d 1270 (La.1985).
Moreover, showing of a continuous chain of custody is not essential to the introduction of physical evidence as long as the evidence as a whole establishes that it is more probable than not the same object originally seized. Deficiencies in the chain of custody are also attributable to the weight of the evidence, not its admissibility. State v. Kirkley, 470 So.2d 1001 (La.App. 1st Cir.1985), writs denied, 473 So.2d 61, 475 So.2d 1105 (La.1985).
At trial, Deputy Massey visually identified the powder bottle as the bottle he had removed from defendant’s package. He also identified the plastic bag containing marijuana as that found inside the bottle. Detective Horner testified that he was *932 present when the bottle was opened and the plastic bag was found inside it. He placed the items in an evidence bag and put the bag in the vault, using routine procedure. On the following day, he removed the bag from the vault and took it to the Louisiana State Police Crime Laboratory. The crime lab later returned the evidence bag to him. He then put it back in the vault, where it remained until being brought to trial. He testified that West Baton Rouge Parish Sheriffs Detective Gordon Hebert, the custodian of the vault, removed the bag from the vault at his request and delivered it to him for trial. Horner visually identified the evidence bag as the one he had used in the instant ease. Horner’s testimony indicated that he did not individually mark the items of evidence that were placed in the evidence bag because the seal on the evidence bag made it unnecessary to do so. He was sure of the identity of the items inside the evidence bag because neither his seal nor that of the crime lab had been broken.
We find that the testimony of Deputy Massey and Detective Horner established more probably than not that the powder bottle and plastic bag of marijuana were the ones involved in the instant case.
These assignments are therefore without merit.
ASSIGNMENTS OF ERROR NOS. 2, 5 AND 6
By means of these assignments of error, defendant asserts that the evidence presented by the state was insufficient to convict him of the instant offense. He argues that the testimony of “Albert”[2] Washington and Wilbert West shows that it was not defendant, but instead Wilbert West who brought the package to the parish jail.
The proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal under La.C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Although the record does not indicate that defendant in the instant case made such a motion, a reviewing court, in spite of defendant’s failure to proceed properly, must consider the evidence to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in La.C.Cr.P. art. 821. State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984).
The standard established by La.C.Cr.P. art. 821 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).
Deputy Massey testified that on the date of the instant offense defendant and another individual came to visit inmate Tasker at the parish prison. Massey was certain that defendant gave him the package containing the marijuana which was inside the Shower to Shower powder bottle. He further stated that he was absolutely positive that defendant brought the package into the jail. In regard to the procedure for checking packages brought to jail by visitors, he testified that when a line of people are coming into the parish jail for inmate visitations, packages are taken one at a time. The package of a particular visitor is handed to an officer by the visitor and the name of the inmate to whom the package is to be given is then placed on the package. In the instant case, Massey stated that he immediately checked the package in question, found it to contain the Shower to Shower powder bottle and took the bottle directly into the booking room where he and Detective Horner examined its contents and found the plastic bag containing the marijuana inside the bottle.
*933 Alvin Washington, defendant’s uncle, testified that he, defendant and Wilbert West, defendant’s brother, were together on the day of the incident. They had come to the jail in the same car. Washington testified that defendant’s brother, Wilbert West, had a package. He stated that he last saw defendant in the parking lot prior to coming up to the jail. When he reached the jail, officers were already arresting defendant.
Wilbert West testified that on the date of the incident, he and defendant went up to the jail first with Alvin Washington coming up a little later. Wilbert testified that he, not the defendant, brought a package to the jail. The package consisted of a brown paper bag which contained toothpaste, a newspaper and deodorant. He testified that there was no powder inside the package. He further testified that when he climbed the stairs to the floor on which the jail is located, two officers were at the door taking packages and asking who was to be visited. He stated that he put his package on a tray together with plenty of other packages.
Henry West took the stand in his own defense and denied having any package in his possession on the date of the incident. He testified that Wilbert, however, had a package which he believed contained soap and deodorant.
Where there is conflicting testimony which depends upon the determination of the credibility of witnesses, this is a matter of the weight of the evidence, not its sufficiency. This determination rests solely on the sound discretion of the trier of fact. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Mullins, 464 So.2d 459 (La.App. 1st Cir.1985).
The jury’s verdict indicates that it accepted Deputy Massey’s version of the events regarding the instant offense and rejected the version of defendant and his witnesses, Alvin Washington and Wilbert West. The evidence of record is clearly sufficient to support the jury’s verdict.
This assignment is without merit.
AFFIRMED.

. In listing his assignments of error, defendant states as part of assignment of error number 1 that the state failed to make a showing of probable cause for his arrest; but in the portion of his brief in which he sets forth his arguments pertaining to assignment number 1, he does not argue the probable cause issue. In any event, the issue is not reviewable since the alleged error was not designated as part of assignment of error number 1, nor was it separately designated or otherwise included in any of the other assignments of error filed into the record. See La.C.Cr.P. art. 920. Moreover, the issue is now moot. See State v. Lucky, 453 So.2d 1234 (La.App. 1st Cir.), writ not considered, 459 So.2d 529 (La.1984).

. Defendant's reference to "Albert” Washington is an apparent error. The record discloses that the only witness having this surname, Washington, was an Alvin Washington.