DUFRESNE, Judge.
Defendant, Donald Hensley, was charged by bill of information with violation of R.S. 14:60, Aggravated Burglary. After entering a plea of not guilty, the defendant filed a motion to suppress identification which was denied by the court. Hensley then withdrew his former plea of not guilty and tendered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976).
The defendant was sentenced to imprisonment at hard labor for a term of ten years with credit for time served. This appeal now follows and the defendant urges that the trial court erred in improperly restricting his examination of the victim at the hearing on the motion to suppress the identification.
FACTS
On June 7, 1987, defendant, Donald Hensley entered the premises of 533 Ames Boulevard without permission while armed with a knife.
No other facts are available as the conviction was the result of a plea of guilty.
The defendant argues that he was prevented from exploring whether the identification made in court at the motion to suppress had a basis independent of the identification made at the lineup.
At the motion hearing defendant attempted to elicit testimony from the witness concerning his observation of the defendant on occasions prior to the police lineup. The court prohibited this inquiry noting:
I don’t see that that is an area that there is any valid dispute or that there is a reasonable ground to believe that inquiry will elicit that. I will listen to anything that has to do with the identification process or how, on the day before yesterday, the identification procedure was conducted. The quality of the identification on the night of the robbery will be for a jury question, not the question of the line up identification. And without some other evidence, other than mere speculation, it appears to me, with all due *48 respect, it appears to be speculative at the present time.
This issue was addressed by this court in State v. Medford, 489 So.2d 957 (La.App. 5th Cir.1986):
A defendant attempting to suppress an identification has the burden of proving that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Cotton, 471 So.2d 1017 (La.App. 1st Cir.1985). See also La.C.Cr.P. art. 703(D). The issue presented by a motion to suppress is whether or not a photographic display or lineup was suggestive. See State v. Vaughn, 378 So.2d 905, 909 (La.1979); State v. Lucky, 453 So.2d 1234 (La.App. 1st Cir.1984) writ not considered 459 So.2d 529 (La.1984). In Lucky, supra, our brothers of the First Circuit, with whom we agree on this issue, stated:
A defendant attempting to suppress an identification must prove (1) that the identification was ‘suggestive’ and (2) that there was a likelihood of misidentifi-cation in the identification procedure, [citations omitted]
The defendant has the burden of proving the ground of the motion to suppress, i.e. the suggestiveness of the procedure, La.Code Crim.P. art. 703(D), and, in reviewing the procedure, the trial court must look at the totality of the circumstances surrounding the identification, [citations omitted]
A lineup [either physical or photographic] is unduly suggestive if the identification procedure displays the defendants] so that the witness’ attention is focused on the defendants].
At p. 960.
There has been no showing that the lineup was suggestive. The defendant helped choose the members of the lineup. He decided where everyone should stand. The witness testified that no one showed him a picture of the defendant prior to the lineup.
In the absence of the defendant proving the suggestiveness of the lineup, a Manson[1] analysis is not necessary. State v. Medford, supra. Challenges to the witness’ power of observation do not raise constitutional issues but rather represent matters to be considered by the jury.
This assignment of error is without merit.
We have further reviewed the record and find no errors patent. Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).