649 So.2d 796 (1995)
STATE of Louisiana, Appellee,
v.
Ronnie Lloyd HARRIS, Appellant.
No. 26608-KA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
*797 Steven R. Thomas, Public Defender, Mansfield, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Don Burkett, Dist. Atty., Mansfield, Charles B. Adams, Asst. Dist. Atty., Mansfield, for appellee.
Before BROWN, WILLIAMS, JJ., and PRICE, J. Pro Tem.
WILLIAMS, Judge.
After initially charging the defendant, Ronnie Lloyd Harris, with forcible rape, the state allowed him to plead guilty to aggravated sexual battery. LSA-R.S. 14:43.2. The trial court then sentenced him to five years at hard labor, and the defendant appealed. He urges his five-year sentence is excessive.
Finding error patent on the record, in that the record of the guilty plea proceedings does not contain a factual basis for the defendant's plea as required by North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and its progeny, we pretermit consideration of the assigned errors and remand the case with instructions.
Ordinarily, to convict an offender of aggravated sexual battery, the state has to prove beyond a reasonable doubt that the offender intentionally inflicted serious bodily injury on the victim when the offender intentionally used any instrumentality or part of his body to touch the anus or genitals of the victim, or vice versa. LSA-R.S. 14:43.2(A)(1) and (2); In Interest of Rodrigues, 532 So.2d 481 (La.App. 1st Cir.1988). In the context of this offense, serious bodily injury involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. LSA-R.S. 14:43.2(B).
Another way an offender can be convicted of this crime is if he, although unwilling or unable to admit his participation in the acts constituting the crime, voluntarily, knowingly, and understandingly consents to the imposition of a prison sentence. Alford, supra. An express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty, and the fact that the defendant believes he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. North Carolina v. Alford, supra; State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992); State v. Pitre, 506 So.2d 930 (La.App. 1st *798 Cir.), writ denied, 508 So.2d 87 (La.1987). However, in order for the defendant's plea to be valid under Alford, constitutional due process requires that the trial court record contain "strong evidence of actual guilt" or, as this court has paraphrased Alford, "a significant [substantial] factual basis" for the plea. State v. Jordan, 619 So.2d 648 (La.App. 2d Cir.1993) (citing State v. Linear, supra, and State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991)).
The instant record shows, when the defendant entered his guilty plea, the state presented as its factual basis, a statement alleging the defendant had engaged in some type of sexual activity with a minor, which included inserting his finger into the minor victim's vagina. The record also shows the defendant asserted the incident was unintentional, but acknowledged the statement was "basically" true.
After the state finished presenting the factual basis for the record, the trial court questioned the absence of the "serious bodily injury" element of the offense. Defense counsel responded by indicating he knew the recited facts did not fit the crime of aggravated sexual battery, but said the plea was a compromise. Counsel said that, although the defendant denied having sexual contact with the victim, the state had some "scientific and other evidence" which tended to prove the defendant had sexual intercourse with the minor victim, and which led counsel to believe the defendant might be convicted as charged; therefore, the defendant was entering the plea to reduce his sentence exposure. The trial court then said it had no problem with the compromise, directed the prosecutor to amend the bill of information, and accepted the defendant's plea.
As noted by the trial court, this record does not contain evidence of "serious bodily injury," an essential element of the offense of conviction. While the PSI report mentions the victim is undergoing counseling, the record does not contain any evidence showing the defendant intentionally inflicted "serious bodily injury" on the victim within the purview of the statutory definition of the offense of conviction.
Without strong evidence of actual guilt in the record, the defendant's guilty plea must be declared invalid. However, before declaring the plea to be invalid, we remand to allow the state an opportunity to cure this deficiency. State v. Jordan, supra; State v. Linear, supra. But, if the deficiency is not cured at a further Boykin hearing, the trial court is directed to set aside the guilty plea and proceed according to law. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Our error patent review also revealed the trial court, in imposing sentence, should have given the defendant credit toward service of his sentence for time the defendant spent in actual custody prior to the imposition of the sentence. LSA-C.Cr.P. Art. 880. The trial court's failure to do so is error patent. State v. Allen, 571 So.2d 758 (La. App. 2d Cir.1990).

DECREE
This appeal is held in abeyance pending further Boykinization. The trial court shall conduct a further Boykin hearing within thirty days after this opinion becomes final and shall render its ruling within ten days after the hearing is completed, submitting to this court a certified copy of its ruling for inclusion in the appellate record. If the trial court upholds the guilty plea after a further Boykin hearing, the trial court shall amend the sentence to reflect credit for the time served. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992); State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991). Additionally, the trial court shall supplement the appellate record with a record of the proceedings below, and further appellate briefing shall be required. But, if the trial court sets aside the defendant's plea, this appeal shall be dismissed as moot.
REMANDED with instructions.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
This 36-year-old defendant was charged with the forcible rape of his girlfriend's 12-year-old daughter. During the investigation, defendant admitted to flipping the girl over, which caused her panties to come off. The child ran from the home and stated that she *799 had been raped by defendant. Test results from the North Louisiana Criminalistics laboratory found seminal acid phosphatase present on the vaginal swabs, washings and pool samples from the child victim. The level of seminal fluid, however, was insufficient to do blood grouping.
Defendant's case was set for trial. To avoid possible conviction for forcible rape, he chose to plead guilty to the lesser charge of aggravated sexual battery. He greatly reduced his exposure through the plea. Strong evidence of defendant's guilt of the significantly greater charge existed and his choice to reduce his exposure was a conscious and voluntary decision. I respectfully dissent and would affirm.