JiWALTZER, Judge.

STATEMENT OF THE CASE

Appellant, Michael Lee Nunez was charged by petition with being a delinquent juvenile in that he committed the crimes of purse snatching, a violation of LSA.R.S. 14:65.1 and second degree battery, a violation of LSA.R.S. 14:34.1. At his arraignment on 1 March 1993 the juvenile pled not guilty. On 2 April 1993 he withdrew his former plea of not guilty and entered a plea of not guilty and not guilty by reason of insanity. Two physicians appointed by the court testified on 3 November 1993 and 8 December 1993 respectively. Both members of the sanity commission found Nunez capable of assisting *508 counsel and able to distinguish right from wrong. After trial on 27 April 1994, the court found the minor to be a delinquent juvenile and guilty of purse snatching and second degree battery. After the juvenile was found guilty in the instant case numbered 13-074, he withdrew his former plea of not guilty and admitted to being a delinquent juvenile by reason of simple escape, a violation of LSA.R.S. 14:110 in matter # 13-092. Nunez was sentenced on 13 July 1994 to serve one (1) year in the Custody of the Department of Corrections, Juvenile Division with credit for time served, this sentence to run concurrently with the sentence imposed in case # 13-092 for simple escape. This appeal follows.

STATEMENT OF FACTS

On 5 February 1993 at about 3 p.m., Patricia Findorf went to the offices of T.C.I. Cable in St. Bernard Parish to pay her cable bill. Upon exiting the T.C.I. building, Ms. Findorf was approached by two young males who asked her for a quarter. After Ms. Findorf told the duo that she did not have a quarter and turned to leave, one of the youths punched her in the face from the side and she fell to the ground. The victim identified Nunez as the |2youth closest to her and the one who first punched her. While the victim lay on the ground, Nunez and his companion beat and kicked her, took her purse and ran. The victim was treated at Methodist Hospital Emergency Room for bruises on her back, was x-rayed and required seventeen (17) stitches inside and outside of her face in order to close her cuts. The victim was in a great deal of pain and bled profusely. The victim positively identified Nunez at trial as the person who hit her.
Simultaneously with the purse snatching and the battery in front of the cable company, Ms. Tammy Chaisson observed a maroon car with four doors and tinted windows. Ms. Chaisson got a good look at the two young men with a purse who were running around the corner trying to get into the maroon car. Although she identified Nunez as one of the two boys running, she testified that it was the other boy who held the purse. She did not get a good look at the driver of the maroon car. The holder of the purse got into the car on her side of the street. Ms. Denise Elwin, who had been at Ms. Chais-son’s house at the time of the incident, saw two boys with a purse running toward the car. She called the police while Ms. Chais-son wrote down the license plate number of the maroon automobile. Ms. Elwin was unable to identify Nunez because he had been running. Lt. John Doran investigated this crime and ran the license plate. The car was registered to Ms. Margarite Guillot, the mother of a juvenile whom he knew to have been in trouble before. Lt. Doran located the ear and Darryl Guillot and found him in possession of the victim’s checkbook. Subsequent to Guillot’s arrest he took a statement from the juvenile. Thereafter, Lt. Doran compiled a photographic line-up consisting of six photographs. The victim identified Guil-lot in picture # 2, but did not identify Nunez, although Nunez’s picture was part of the array shown to her. Lt. Doran also conducted a physical line-up. He testified at trial that Ms. Chaisson identified both Guillot and Nunez. At trial three polaroid pictures were shown to Lt. Doran, which he identified as pictures of the persons in the physical lineup. Lt. Doran explained on cross examination that three days after the crime had been committed, the physical line-up was conducted by placing Michael Nunez, Darryl Guillot and another suspect in a line, observed by witnesses from behind a two-way mirror. Nunez and Guillot were identified as the two boys who ran to the car after the purse snatching took place.
|gAt trial, Defendant called Darryl Guillot who had pled guilty to purse snatching, second degree battery of Ms. Findorf and possession of stolen property on 21 April 1993. At the time of his testimony, Guillot had already served his sentence. Guillot, although he admitted that Nunez was with him during the perpetration of the crime, insisted that it was he who hit and kicked Ms. Fin-dorf and stole her purse. According to Guil-lot, Nunez did not know anything about his plan to commit these crimes, never touched the victim and received nothing as a result of the purse snatching. On cross examination Guillot was emphatic that he never told anyone that Nunez had been involved in the crimes now being prosecuted. Lt. Doran *509 was recalled to impeach the testimony of Guillot. When Guillot was arrested he made a statement to Lt. Doran that Nunez had orchestrated the purse snatching, punched and kicked the victim, took her purse, and gave Guillot the checkbook.

ERRORS PATENT REVIEW

Nunez requested that we review the record for errors patent. La. Const. Art. 1, Sec. 19; La.C.Cr.P. art. 920. The record shows that there is indeed an error patent. The sentence imposed herein is illegally lenient. The trial court sentenced Nunez to one (1) year concurrently for the crime of simple escape (case # 13-074) and the conviction of purse snatching and second degree battery. LSA.R.S. 14:110 provides:
[A] person imprisoned, committed or detained who commits the crime of simple escape as defined in Paragraph A(l) of this Section shall be imprisoned with or without hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence (emphasis supplied).
In the case at hand, the trial court failed to impose a consecutive sentence. On appeal, this Court will not correct errors unfavorable to a defendant where the issue is not raised by the State. La.C.Cr.P. art. 882(B); State v. Fraser, 484 So.2d 122, 124 (La.1986). As the State has not raised this issue, the error should not be corrected. No other errors patent were found.

\ ¿ASSIGNMENT OF ERROR 1

Nunez complains that the physical “show-up” of three juveniles at the St. Bernard Detective Bureau three days after the crime was illegal, and that the court erred in admitting and considering the testimony as to this identification. Physical show-ups in close temporal proximity to the commission of the crime have long been permitted, so long as the show-up was not otherwise suggestive (for example, if the defendant was the only one in handcuffs or was physically distinct from the other persons in the line-up, or the police suggested that the witness identify a particular person). Identifications made from a physical line-up days after the crime was committed and when the investigation has been focused on a particular person or persons are not permissible unless the accused is represented by counsel and can witness the procedure for fairness and constitutional validity. All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, are applicable in juvenile court proceedings. La. Ch.C. art. 808. An accused child, like an adult, has the right to counsel at every stage of the proceeding. La.Ch.C. art. 809. The District Attorney may move the court or the court in its discretion can order any child to submit to other reasonable identification procedures. La.Ch.C. art. 818(C). The juvenile defendant in this case had a right to file a motion requesting the furnishing of particulars pursuant to La.Ch.C. art. 870, as well as a motion to suppress evidence prior to trial pursuant to La.Ch.C. art. 872. A defendant adversely affected may move to suppress any evidence from use at trial on the merits on the ground that it was unconstitutionally obtained. The Court in its discretion may permit the filing of a motion to suppress at any time before or during trial. Failure to file a motion to suppress evidence in accordance with La.C.Cr.P. art 703 prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a Motion to Suppress.
No pre-trial motions were filed in this case. Nor did Nunez assert pre-trial or during the trial that he was deprived of his Sixth Amendment rights to be represented by counsel or an interested adult when he was presented for identification behind a two way mirror together with two other suspects at a critical stage of the prosecution. Nunez waived his right to challenge the identification. Moreover, the evidence adduced at trial does not show |5that Nunez proved that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the procedure. State v. Barnes, 592 So.2d 1352, 1357 (La.App. 5 Cir. 1991); State v. Lucky, 453 So.2d 1234, 1238 (La.App. 1st Cir.1984); writ not considered as untimely 459 So.2d 529 (La.1984). A simple objection at trial does not serve as a basis to hold that the line-up was unconstitutional.
*510 Even if were we to find the physical line-up inadmissible, Ms. Chaisson’s identification at trial was clear and emphatically pointed to Nunez as one of the perpetrators of this crime. Ms. Chaisson got a good look at Nunez as he and Guillot fled the crime scene. Both passed immediately in front of Chaisson’s residence. Given Chaisson’s detailed account of the incident at trial, her in-court identification was reliable. Additionally, Guillot placed Nunez on the scene. This assignment of error has no merit.

ASSIGNMENT OF ERROR 2

Nunez alleges that the prosecution failed to prove his guilt beyond a reasonable doubt, and that the trial court erred in adjudicating him to be a delinquent. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757, 758 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305, 1311 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Green, supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction |6in contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992), citing State v. Rosiere, 488 So.2d 965, 968 (La.1986).
According to the defense, the victim’s testimony was not credible because she failed to recall that she had identified Guillot out of an array of six pictures shown to her at a photographic line-up. The defense argues that her erroneous insistence that she had in fact identified Nunez out of that same array, although she had not been able to do so, establishes that she is mistaken in her identification. The testimony revealed that Nunez’s photograph used in the six person array was four years old. The evidence likewise shows that Nunez and Guillot had peculiar haircuts at the time of the commission of the crime; the hairstyles in the old pictures were completely different. Ms. Findorfs in court identification coupled with the identification by Ms. Chaisson certainly could persuade a rational fact finder that Nunez was guilty beyond a reasonable doubt. Guillot, who had nothing to lose at the trial and in fact had served his time, attempted to exonerate Nunez. The factfinder made a credibility call as to that testimony and rejected it.
The prosecution proved all the elements of the crimes charged. The record does not bear out Nunez’s contention that the elements of the crime of second degree battery were not proven. The victim testified that she required seventeen stitches for cuts in and outside her face sustained when she was beaten and kicked. The evidence adduced at trial is sufficient to support a conviction of the crimes charged.
In a subparagraph to his second assignment of error, Nunez complains that Lt. Doran gave testimony concerning several statements Guillot made to him. Specifically, Nunez alleges that the State failed to prove that when Guillot made these inculpatory statements he had intelligently and voluntarily waived his rights. Moreover, Nunez alleges that there was no showing that Guillot was advised of his right to counsel and/or the presence of an interested adult. Defendant’s reliance on the mandates of State of La. in the Interest of Dino, 359 So.2d 586 (La.1978), cert. denied 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) is misplaced. Here, the State did not attempt to introduce the alleged statement against Guillot. At trial, Guillot specifically denied that he had impli *511 cated Nunez as a perpetrator of the crimes herein to anyone at any time. Lt. Doran’s testimony on rebuttal 17mereiy served as impeachment to show that Guillot had given testimony in a hapless effort to help Nunez that was not worthy of belief. This Assignment of Error is without merit.
For the foregoing reasons, the conviction and sentence of Michael Lee Nunez are affirmed.
AFFIRMED.