Dear Mr. Barbor:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the applicability of Louisiana Children's Code Articles 897 and 899 (and the dispositional alternatives available thereunder) to a sentence of custody with the Department of Public Safety and Corrections, Corrections Services. This request was made in the context of juvenile judges who probate juveniles and then, as a special condition of the probation, commit the juvenile to the custody of the Department. Your request addressed the following specific questions:
1] Does the placement under the probation with the Department trigger the running of the actual custody period, despite the language of the order?
2] If not, is the Department obligated by the order to accept the child into its custody and hold the child past the maximum allowable period of custody?
In response to question number one, it is the opinion of the Attorney General that the probationary placement with the Department does trigger the actual custody period. Further, any condition of probation which results in the child being placed in the custody of the Department for a period longer than the maximum custody period provided by law renders the sentence (disposition) illegal.
Louisiana Children's Code Article 897 D states that the court may commit a child to the custody of the Department of Public Safety and Corrections. Paragraph E of Article 897 allows the court to suspend the execution of such commitment and place the child on probation subject to the terms and conditions authorized under Paragraph B of the same Article. Therefore, the court order mentioned in your request triggers the custody of the child with the Department of Public Safety and Corrections. However, further analysis suggests that Art. 897 should be read with qualification.
One such qualification is La. Ch.C. Art. 897 E, dealing with the suspension of commitment and subsequent probation. The article states that probation is subject to the terms and conditions of Paragraph B. A close reading of Paragraph B gives an inclusive list of terms and conditions which can be imposed as part of probation. There is no mention of commitment, especially for a period longer than the maximum allowed by law. A juvenile court has much discretion in sentencing juveniles, much of which is based on the best interest of the child and the public. La. Ch.C. 897B(2). However, there is no statutory basis for committing anyone to the custody of the Department for a term longer than the maximum period allowed by law, notwithstanding whether it is done as a condition of probation.
In the case of an illegal sentence (disposition), i.e., one which results in custody of the juvenile beyond the maximum period allowed by law, it seems clear that the Department may move to correct the illegal sentence (disposition) under Article 882 of the Louisiana Code of Criminal Procedure, at the appropriate court of appeal. See La. C.Cr.P. Article 882; see also In re Nunez, App. 4 Cir. 1995, 94-2636, 94-2637 (La.App. 4 Cir. 6/7/95)657 So.2d 506. That article reads as follows:
La. C.Cr.P. Art. 882. Correction of illegal sentence; review of illegal sentence:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari andprohibition.
C. Nothing in this Article shall be construed to deprive anydefendant of his right, in a proper case, to the writ of habeascorpus.(emphasis ours)
In conclusion, it is our opinion that placement within the Department of Public Safety and Corrections does in fact trigger the running of actual custody. If an illegal sentence (disposition) is imposed, the Department may seek to correct this pursuant to La. C.Cr.P. Art. 882. As we have answered question number one in the affirmative, question number two is moot.
We hope to have been of service to you.
With kindest regards, we remain
Sincerely,
 RICHARD IEYOUB Attorney General
 BY: ______________________ STEPHEN B. STREET, JR. Assistant Attorney General
SBS/ss