# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-0644

**STATE OF LOUISIANA**

**VERSUS**

**JOHN JACOB FARRIS**

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 66,351
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,[*] Judges.

**PLEA, CONVICTION AND SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS.**

**Don M. Burkett**
**District Attorney**
**Anna Louise Garcie**
**Assistant District Attorney**
**Eleventh Judicial District**
**P.O. Drawer 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward K. Bauman**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **John Jacob Farris**

PETERS, J.

The State of Louisiana (state) initially charged the defendant, John Jacob Farris, by bill of information with forcible rape, a violation of La.R.S. 14:42.1. After the state amended the charge to second degree sexual battery, a violation of La.R.S. 14:43.2, the defendant entered a guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to the amended charge. The trial court then sentenced the defendant to serve five years at hard labor, without the benefit of parole, probation, or suspension of sentence. After hearing argument and evidence on the defendant's motion to reconsider his sentence, the trial court set aside the initial sentence and sentenced the defendant to four years at hard labor, without the benefit of parole, probation, or suspension of sentence. In his appeal, the defendant asserts only that the trial court accepted his *Alford* plea without first ascertaining that a factual basis existed to support the plea. For the following reasons, we vacate the plea, conviction, and sentence and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

At the hearing wherein the defendant entered his guilty plea, the state entered the following factual basis for the plea:

> Your Honor, on May 24, 2009, the Sabine Parish Sheriff's department responded regarding an alleged rape. At Sabine Medical Center encountered- officers came in contact with a nurse and she advised that the victim was identified as [M.C.]. She stated that she had bruising around her thigh area, that the examination was consistent with the story that Ms. [C] gave. Ms. [C] lost consciousness at one point prior to coming to the Sabine Medical Center. She indicated that Mr. Farris had been staying with her for approximately one month, that nothing like this had occurred before, that on this night they had consumed some alcohol. She indicated that he started trying to force himself on her. She said she repeatedly asked him to no, please stop, don't do this. And she does indicate that he did penetrate her and there's also, Your Honor, a crime lab that would be indicative of that as

well although there was no semen found.  But he is tendering a plea to second degree sexual battery.[2]

In response to this statement of the factual basis, the following verbal exchange occurred involving the trial court, the defendant, and the defendant's trial counsel:

> THE COURT: It's my understanding, sir, that you're pleading today based on the evidence that the State possesses and you believe it's in your best interest to go ahead and plead guilty and get this over with. Is that correct?
>
> DEFENDANT-FARIS[sic]: Yes, sir.  I can't prove any other way--
>
> [COUNSEL FOR THE DEFENDANT]:  Your Honor, just for the record, Mr. Farris and I have had pretty extensive conversations about this matter.  He has maintained his innocence throughout this ordeal but based on the evidence the State possesses, he does believe it's in his best interest to plead guilty and we are tendering this plea under Alford versus North Carolina.
>
> THE COURT: I accept your plea, sir.  I'm going to set your sentencing down for April 29th at 11:00 a.m.  I'm going to order a pre-sentencing investigation to be conducted and returned to me before that date and I'll sentence you on that date.

As previously stated, the trial court ultimately sentenced the defendant to serve four years at hard labor, without benefit of parole, probation, or suspension of sentence.

## OPINION

In his sole assignment of error, the defendant asserts that the trial court erred in accepting his *Alford* plea without first ascertaining that a factual basis existed to support the plea.  Specifically, the defendant asserts that the record contains nothing to indicate a sexual battery occurred.  He correctly asserts in brief that although he did not file a motion to withdraw his guilty plea, the constitutional nature of his argument—that he did not knowingly and intelligently enter a plea to the

---

[2]Pursuant to La.R.S. 46:1844, we use initials in this opinion to identify the victim.

2

offense—allows him to seek review of his plea. *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36.

Louisiana Revised Statutes 14:43.2(A) defines second degree sexual battery as follows:

> Second degree sexual battery is the intentional engaging in any of the following acts with another person when the offender intentionally inflicts serious bodily injury on the victim:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
>
> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

In considering the defendant's argument on appeal, we first note that although sexual battery, a violation of La.R.S. 14:43.1, is a responsive verdict to forcible rape, second degree sexual battery is not. La.Code Crim.P. art. 814(10). Additionally, although the factual basis provided at the defendant's sentencing proceeding contained all the essential elements of forcible rape and of sexual battery, the factual basis did not include evidence of one essential element of second degree sexual battery, specifically "serious bodily injury" having been inflicted on Ms. C.[3] La.R.S. 14:43.2(A).

In *State v. Harris*, 26,608 (La.App. 2 Cir. 1/25/95), 649 So.2d 796, our brethren in the second circuit considered a factual scenario similar to that now before us. In *Harris*, the state had initially charged the defendant with forcible rape, and the defendant ultimately entered an *Alford* plea to aggravated sexual battery. The factual

---

[3]For the purposes of La.R.S. 43.2(B), "serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death."

basis presented by the state at the plea hearing consisted of evidence that the defendant had engaged in sexual activity with a minor and the acknowledgment by the defendant that the recitation of fact was basically true. However, nothing in the presentation of facts pointed to any serious bodily injury sustained by the victim. When the trial court questioned the absence of serious bodily injury, the defendant's trial counsel acknowledged that the recited facts did not fit the offense of aggravated sexual battery, but stated that the plea was a compromise. According to the defendant's trial counsel, although the defendant denied having sexual contact with the victim, the state had evidence that tended to prove otherwise. This lead the defendant's trial counsel to conclude that pleading to aggravated sexual battery was in his client's best interest, because the defendant stood a good chance of being convicted as charged and the plea reduced his sentence exposure. The trial court accepted this explanation, directed the state to amend the bill of information, and accepted the defendant's *Alford* plea.

On appeal, the second circuit found as an error patent the lack of factual basis to establish the serious bodily injury element of aggravated sexual battery. In holding that without strong evidence of actual guilt in the record, the defendant's plea had to be considered invalid, the court stated:

> [I]n order for the defendant's plea to be valid under *Alford*, constitutional due process requires that the trial court record contain "strong evidence of actual guilt" or, as this court has paraphrased *Alford*, "a significant [substantial] factual basis" for the plea. *State v. Jordan*, 619 So.2d 648 (La.App. 2d Cir.1993) (citing *State v. Linear*, [600 So.2d 113 (La.App. 2d Cir.1992)], and *State v. Powell*, 584 So.2d 1252 (La.App. 2d Cir.1991)).

*Harris*, 649 So.2d at 798.

4

Having reached the conclusion that without proof of the elements of the charged offense the plea would be invalid, the second circuit remanded the matter to the trial court to allow the state an opportunity to cure the deficiency.[4]

While we find the holding in *Harris* with regard to the failure of proof to be persuasive, we disagree with the nature of the remand. In this case, as in *Harris*, the defendant seeks to withdraw from a plea agreement. While we agree that he is entitled to the relief requested, we find that the remand should not have the effect of limiting the state to pursuing only the amended charge. That is to say, when a defendant's plea to a lesser offense is set aside at his request, the state may pursue further prosecution on the greater offense.

> [I]t appears that retrial on the greater charge will impose no [*North Carolina v.*] *Pearce* [395 U.S. 711, 89 S.Ct. 2072 (1969)] due process limitation on the possible sentence imposed, provided of course that the sentence is otherwise in conformity with law. The court retains its sentencing discretion due to the fact that the state never elected on which charge it would try the defendant if the case went to trial. The greater charge was dropped in return for a plea to the lesser one. After the plea was vacated the situation reverted to the pre-plea stage. Here we have a situation where there has been a major change other than just an appeal by his own hand, defendant has upset his bargain and now pleaded not guilty to both charges. There is no appearance of retaliation when a defendant is placed in the same position as he was before he accepted the plea bargain.

*State v. Boudreaux*, 402 So.2d 629, 632-33 (La.1981) (citation omitted); *see also*, *State v. Smith*, 406 So.2d 1314 (La.1981); *State v. Smith*, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505; *State v. Handley*, 453 So.2d 1241 (La.App. 1 Cir.), *writ denied*, 457 So.2d 1199 (La.1984).

## DISPOSITION

---

[4]The second circuit further instructed the trial court that if the state could not cure the deficiency at a further hearing, it was to set aside the guilty plea.

For the foregoing reasons, we vacate the defendant's plea, conviction and sentence, and remand this matter to the trial court for further proceedings consistent with this opinion.

**PLEA, CONVICTION AND SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS**.