MARVIN, Chief Judge.
We held this appeal in abeyance and remanded to allow the trial court to “cure” what we noted in the record as a “deficiency” in the Alford plea to attempted first degree murder.
The appellate record has now been supplemented after the trial court conducted the further Boykin hearing on remand as we directed.
Again we note that when a defendant bargains to plead guilty to attempted first degree murder after being indicted for the completed crime, it is not legally permissible to define the specific intent element of attempted murder in the disjunctive, specific intent to kill or inflict great bodily harm.
We also reiterate that without strong evidence of actual guilt in the record, an Alford plea to attempted first degree murder must be declared not to be intelligent, and involuntary.
Actual guilt, of course, includes a factual basis to support each element of the crime to which the plea is entered. Here the deficiency in the record is the factual basis for the intent element in the crime of attempted first degree murder, the specific intent to kill, even though the completed crime states the intent element in the disjunctive, or inflict great bodily harm.
This anomaly in the law, if it be that, stems from the legislative definition of Attempt in LRS 14:27, as it has been traditionally interpreted. The deficiency is not cured by concluding, however erroneously, that attempted murder is a responsive verdict to the charge of murder and reasoning that the factual statements supporting the plea, if believed by a jury, would have supported a conviction of the completed crime. The jury could not have been charged that the attempted crime was a responsive verdict to the crime of first degree murder. State v. Moseley, 587 So.2d 46 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1066.
The directive that our opinion of January 20, 1993, 619 So.2d 648, was not to be published is recalled. That opinion and this opinion shall be published in reverse sequence.
While the original deficiency was noticed by us as an error patent, the defendant thereafter has urged that his bargained-for plea be set aside. We grant his request, the result of which is that he stands indicted on the original charge of first degree murder.
DECREE
Defendant’s guilty plea to attempted first degree murder is set aside. The case is remanded to allow the State to retry the defendant on the original charge.