624 So.2d 470 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alfred FLETCHER, Defendant-Appellant.
No. 25163-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*471 Donnie L. Ellerman, Winnsboro, for defendant-appellant.
John M. Lancaster, Asst. Dist. Atty., Oak Grove, for plaintiff-appellee.
Before NORRIS, VICTORY and STEWART, JJ.
NORRIS, Judge.
Alfred Fletcher was charged by bill of information with molestation of a juvenile, La.R.S. 14:81.2. Pursuant to a plea bargain he pled guilty as charged with a seven year sentence cap. The court subsequently sentenced him to seven years at hard labor. Fletcher now appeals, urging the sentence is excessive. We note, however, an error patent which requires us to remand the case for an additional Boykin hearing in accord with this opinion.

Factual background
Fletcher was originally charged with molestation of a juvenile with the incidents of molestation recurring over one year; this carries a mandatory minimum sentence of five years at hard labor without benefit of parole, probation or suspension of sentence. La.R.S. 14:81.2 D(1). Fletcher pled not guilty in January 1992.
On September 14, 1992 Fletcher appeared in court and pled guilty as charged. No mention was made in the minutes or transcript of a plea bargain, but the prosecutor amended the bill to delete the recurrences over one year. R.p. 8. This reduced his minimum exposure to one year with or without hard labor and no denial of benefit; maximum sentence is ten years. R.S. 14:81.2 B.
At sentencing in December 1992, the court remarked that at the time of the guilty plea, "we had an agreement that you would be sentenced to no more than seven years[.]" R.p. 21. This is the only reference on record of the plea bargain. The court sentenced Fletcher to seven years at hard labor. Counsel then orally moved to reconsider the sentence in accord with La.C.Cr.P. art. 881.1. The court denied the motion, and this appeal followed.

Discussion
Fletcher's conviction was obtained by guilty plea. Ordinarily, such a conviction is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without trial. However, guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea and until the judge has inquired into and sought to resolve any conflict between the waiver of trial and the claim of innocence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Banks v. McGougan, 717 F.2d 186 (5th Cir.1983); State v. Powell, 584 So.2d 1252 (La.App.2d Cir.1991). When a guilty plea is otherwise voluntary, the district court is not required to ascertain a factual basis for that plea unless the accused asserts his innocence or for some other reason the judge is put on notice that there is need for such an inquiry. State v. Powell, supra. In such a situation, due process requires a judicial finding of a "significant [substantial] factual basis" for the defendant's plea. State v. Jordan, 619 So.2d 648 (La.App.2d Cir.1993). Failure to do so is error patent. State v. Linear, 600 So.2d 113 (La.App.2d Cir.1992).
At the instant Boykin hearing, the court read the text of R.S. 14:81.2 without tying it to the facts of the case. The prosecutor stated that the juvenile involved was Fletcher's 14-year old step-daughter; when the events occurred, she was about 13. R.p. 16. Then the following colloquy occurred:
COURT: Now, it's my understanding that you're admitting to me that during the *472 period of time in question, you did commit that crime upon her in West Carroll Parish, is that correct?
MR. ELLERMAN (Counsel for Fletcher): Judge, he's tendering a plea without an outright admission of guilt.
COURT: Okay. Now, it's my understanding that you're tendering this plea and I'm to understand that even though you're not making a direct admission, you understand that if the District Attorney presented all of his evidence, there would be sufficient evidence for a judge or a jury to return a verdict of guilty, is that correct?
DEFENDANT: Yes sir.
R.pp. 16-17.
The court proceeded to advise Fletcher of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), but did not require the prosecutor to present any factual information to support the plea. Neither the court nor anyone else recited any proffer of facts. Nonetheless, the court found "there is a factual basis for the plea." R.p. 19. Later, at sentencing, counsel told the court that "throughout this matter Mr. Fletcher has steadfastly maintained his innocence. He entered the plea in order to take advantage of an advantageous plea bargain." R.p. 25.
In sum, the statements of Fletcher and his attorney were sufficient to place the district court on notice that a judicial finding of a significant (substantial) factual basis for the plea was required. In the absence of such a finding, we cannot say that Fletcher's guilty plea was intelligent and voluntary. State v. Jordan, supra; State v. Linear, supra. The State is entitled to correct this deficiency at an additional Boykin hearing. Id.

Decree
The appeal is held in abeyance pending an additional Boykin hearing.
The district court shall conduct an additional Boykin hearing within 30 days after this opinion becomes final and shall render its ruling within 10 days after the hearing is completed, submitting to this court a certified copy of its ruling for inclusion in the appellate record. If the district court upholds the plea after the further Boykin hearing, the appellate record shall be supplemented with a record of the proceedings below and further appellate briefing shall be required. If the district court sets aside the plea, the appeal shall be dismissed as moot.
The issue of excessiveness is pretermitted pending remand.
REMANDED with instructions.