| iNORRIS, Judge.
Ronnie Lloyd Harris was originally charged by bill of information with forcible rape, La.R.S. 14:42.1. Pursuant to a plea bargain, he pled guilty to aggravated sexual assault, La.R.S. 14:43.2. In January 1995 this court remanded the case and instructed the trial court to conduct a further Boykin examination to determine the validity of Harris’s guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). State v. Harris, 26,608 (La.App. 2d Cir. 1/25/95), 649 So.2d 796.
On remand Harris withdrew his guilty plea to aggravated sexual battery and was permitted to plead guilty to indecent behavior with a juvenile, La.R.S. 14:81. The bill of information, however, was not amended in writing as required by State v. Kirkendoll, 559 So.2d 555 (La.App. 2d Cir.1990). Because indecent behavior with a juvenile is neither a responsive verdict, La.C.Cr.P. art. 814 A(10), nor a lesser included offense of forcible rape, and because the bill of information was not amended in writing, we found that Harris had pled guilty to a crime with which he had not been properly charged.
On May 25 this court ordered counsel to show cause within 10 days: (1) why the ease should not be summarily disposed of without oral argument, pursuant to URCA Rule 2-11.3; (2) why the error patent set forth above should not be recognized; and (3) why Harris’s conviction and sentence should not be vacated and the ease remanded for further proceedings.
In response, the State forwarded to this court a copy of an amended bill of information filed June 6. Defense counsel responded in writing, asserting he understood the bill was going to be amended before Harris entered his plea to indecent behavior, and that he did not object to the belated filing of the amended bill.
^Filing an amended bill of information after the defendant has pled guilty to a crime with which he has not been charged does not cure the defect. State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988). Harris has, in effect, pled guilty to a crime for which he has not been properly charged.
The conviction and sentence are therefore vacated, and the case remanded to the district court for further proceedings consistent with this opinion.
CONVICTION AND SENTENCE VACATED; CASE REMANDED.
SEXTON, J., dissents.