liGASKINS, Judge.
The defendant, Hartrick Ford, was originally charged with attempted second degree murder. However, the state allowed him to plead guilty to the responsive charge of aggravated battery, La.R.S. 14:34. The trial court sentenced the defendant to serve eight years at hard labor and denied a timely motion for reconsideration. Finding error patent at the guilty plea colloquy, we hold the appeal in abeyance and remand for further proceedings.
At the defendant’s Boykin hearing, the state recited the following facts. On April 13, 1995, the defendant and several accomplices attacked the victim. The defendant stabbed the victim in the side with a knife. As a result of his serious injuries, the victim was hospitalized for three to five days. According to the victim, a month before the incident, the defendant accused him of making sexual advances to the defendant’s girl friend.
The defendant disagreed with the state’s recitation of the factual basis and claimed self-defense. He asserted that the victim attacked him first while armed with a stick and that, due to an injured arm, he had to use the knife to defend himself. He further stated that he was entering his guilty plea because he did not feel he would receive a fair trial. His attorney further stated that he had advised the defendant to accept the advantageous plea bargain offered by the state to avoid possible conviction on the original charge. Finding that there was a factual basis for the plea, the trial court then accepted the defendant’s guilty plea.
The fact that a defendant believes he is innocent and makes such belief known to the trial court does not preclude him from entering a guilty plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Harris, 26608 (La.App.2d Cir. 1/25/95), 649 So.2d 796. However, Alford requires that in such a case there be strong evidence of guilt in the record.
RThe defendant’s statement at his Boykin hearing was sufficient to place the district court on notice that a judicial finding of a significant factual basis for the plea was required. In the absence of such a finding, we cannot say that the defendant’s guilty plea was intelligent and voluntary. Alford, supra; State v. Fletcher, 624 So.2d 470 (La.App. 2d Cir.1993); State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992). The state is entitled to correct this deficiency at an additional *660 Boykin hearing at which time evidence supporting the defendant’s guilt may be introduced. See Linear, 600 So.2d at 116.
The appeal is held in abeyance pending an additional Boykin hearing. The district court shall conduct such hearing within 30 days after this opinion becomes final and shall render a ruling on the validity of the guilty plea within 10 days after the hearing is completed, submitting to this court a certified copy, in duplicate, of its ruling for inclusion in the appellate record. If the district court upholds the plea after an additional Boykin hearing, the appellate record shall be supplemented with a record, in duplicate, of the proceedings below and further appellate briefing shall be required. If the district court sets aside the plea, the appeal shall be dismissed as moot.
The issue of excessiveness is pretermitted pending remand.
REMANDED with instructions.