liNORRIS, Judge,
dissenting.
I respectfully dissent. The majority opinion vacates the instant guilty plea, sets aside the conviction and sentence, and remands for further proceedings based upon “the unintelligent and involuntary nature of the defendant’s plea[.]” However, I believe the better result would be to hold this appeal in abeyance pending an additional Boykin hearing. See State v. Fletcher, 624 So.2d 470 (La.App. 2d Cir.1993); State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992). I do not read the colloquy as absolutely, unambiguously rendering the defendant’s guilty plea unintelligent and involuntary. Instead, his statements should have placed the trial court on notice that a judicial finding of a significant factual basis for the plea was required; in fact, the majority recognizes as much in noting the defendant’s “awkward ... refusal to acknowledge the recited circumstances of the crime[.]” Without such a finding, the defendant’s guilty plea would then be unintelligent and involuntary. State v. Fletcher, supra; State v. Linear, supra. Accordingly, I would remand to allow the state an opportunity to correct the deficiency at an additional Boy-kin hearing.
On remand, should the deficiency be corrected, I would also require the trial court to provide further justification for imposing the maximum sentence. The trial court judge revealed his intention to impose the maximum sentence, prior to allowing statements from both the defendant and the victim’s family, as part of his crusade to stop gunfights and drive-by shootings. However, the judge failed to set forth why the maximum sentence was justified for this particular defendant.