961 So.2d 546 (2007)
STATE of Louisiana, Appellee,
v.
Donald McMILLION, Appellant.
No. 42,124-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*547 Annette Roach, Louisiana Appellate Project, for Appellant.
Don M. Burkett, District Attorney, Michael E. Daniel, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS, and LOLLEY, JJ.
BROWN, Chief Judge.
Defendant, Donald McMillion, pled guilty to one count of distribution of a Schedule II controlled dangerous substance ("CDS") (cocaine), and entered an Alford plea to one count of possession of a Schedule II CDS (cocaine). He was sentenced to five years at hard labor for distribution and two years at hard labor for possession, to run concurrently. Defendant has appealed, claiming that his Alford plea to possession was involuntary and should be set aside; and, that his sentences are excessive. Finding no error, however, we affirm.

Discussion
Voluntariness of Alford Plea
The defense argues that defendant was denied his constitutional right to due process when the trial court accepted the guilty plea to possession of cocaine without ascertaining strong evidence of guilt. Defense counsel notes that the trial court did not conduct a preliminary examination at which the state presented testimony detailing the crime. Defense counsel concludes that this deficiency made the plea to possession of cocaine involuntary and constitutionally infirm.
As a result of a March 14, 2006, buy/bust operation, defendant was charged by bill of information with (1) distribution of a Schedule II CDS (cocaine); (2) possession with intent to distribute a Schedule II CDS (cocaine), and (3) possession/introduction of contraband (cocaine) into a penal institution. He was also charged with illegal carrying of a weapon in a separate proceeding.
On June 20, 2006, defendant pled guilty to distribution of a Schedule II CDS (cocaine). The state agreed to reduce the introduction of contraband into a penal institution charge to simple possession of cocaine and defendant entered an Alford plea to this reduced charge. As part of the plea agreement the state dismissed the two other charges and agreed that the sentences would run concurrently.
At the guilty plea, the prosecution stated the factual basis of its case as follows:
Mr. Daniel: Your Honor, the Defendant was arrested from a buy bust that was executed at the Mansfield Inn where he came in to sell approximately one hundred dollars worth of rock cocaine to the officers in room 128 of that hotel. After being arrested, he concealed another rock of cocaine in the same type of green baggy in his mouth. During that arrest, he was placed in the detox tank of the cell, excuse me, of the jail where that suspected cocaine was found in the grate of the detox tank. That cell had been checked prior to him being placed in there. He was the only person who was placed in that cell. And the bag *548 was also checked for DNA. Based upon those facts he was arrested.[1]
The following colloquy thereafter occurred:
Mr. Kendrick (Defense Counsel): Your Honor, Mr. McMillion fully admits to the distribution of schedule II in the hotel room. We do take some issue with the possession of schedule II in the penal institution. But because of the plea agreement with the State, that [sic] we agree this is in his best interest to do so.
The Court: But all of this involved one event essentially?
Mr. Kendrick: I can't say that. It's one event in the hotel room with the distribution. There was a separate event as to the simple possession of schedule II in the penal institution.
. . .
Mr. Kendrick: Like I said, we dispute the possession aspect but we don't the distribution.
. . .
Mr. Kendrick: No sir, Your Honor, not to my knowledge. And Mr. Daniel (ADA) has indicated that he's willing to accept an Alford Plea as to the simple possession charge. And we have no objection to that.
(Counsel and defendant have discussions off the record.)
Defendant: Okay, yes sir. Yeah.
The Court: You're not admitting that the drugs that were found in the jail was yours?
Defendant: No sir, it wasn't none [sic] of mine.
The Court: But nonetheless, you're pleading guilty because of the plea agreement offered by the State?
Defendant: Yeah.
The trial court found a factual basis for both charges, accepted both defendant's guilty plea to distribution and his Alford plea to possession as knowingly, intelligently, and voluntarily made. A presentence investigation report was ordered. The state nolle prosed the other two charges.
The "best interest" or Alford plea, which derives from the United States Supreme Court case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty while maintaining his innocence. In that case, the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] . . . especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." North Carolina v. Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164; State v. McCoil, 05-658 (La.App. 5th Cir.02/27/06), 924 So.2d 1120.
In a case involving an Alford plea, the record must contain "strong evidence of actual guilt." Id., 400 U.S. at 38, 91 S.Ct. at 167. This court has held that where a defendant pleads guilty under Alford, "constitutional due process requires that the record contain `strong evidence of actual guilt.'" State v. McCoil, supra; State v. Villarreal, 99-827 (La.App. 5th Cir.02/16/00), 759 So.2d 126, 129, writ denied, 00-1175 (La.03/16/01), 786 So.2d 745.[2]
*549 The record supports the finding that defendant's "best interest" or Alford plea of guilty to the possession charge, which was made by him while fervently maintaining his innocence, represented a voluntary and intelligent choice among the alternative courses of action open to him. Defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage. See North Carolina v. Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164; State v. McCoil, supra. It is readily apparent from the record that defendant knowingly made this advantageous plea, which included the dismissal of two other charges and the reduction of the instant charge, after conferring with defense counsel. Further, the plea agreement provided that any sentence imposed would run concurrently with the sentence imposed in the more serious distribution case.
Although there were no prior hearings at which evidence was presented, such as a preliminary hearing or a hearing on a motion to suppress, the assistant district attorney's statement of facts was sufficient. That factual basis included direct evidence of the sale of cocaine and arrest; that a rock of cocaine was found in the detox cell where defendant was placed; that this cocaine was in the same type of green bag as was the cocaine defendant sold to the officers; that defendant was detained alone in the detox tank or cell of the jail, where the suspected cocaine was found in the grate; that the detox cell was checked prior to defendant's detention; that the bag found was covered with salvia; and, that DNA samples were taken from defendant.[3] Hence, the factual basis included a statement of evidence of all of the elements of the possession/penal institution charge. The record shows that the trial court asked questions in order to understand the facts surrounding this offense and to distinguish it from facts of the distribution offense. It is worth reiterating here that the standard under Alford is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea represents a voluntary and intelligent choice among the alternatives. See State v. Johnson, 04-1266 (La. App. 3d Cir.02/02/05), 893 So.2d 945. This claim is without merit.
Excessive Sentence
Defendant claims that: (1) the sentencing judge failed to articulate for the record sufficient reasons to justify the sentences; (2) the sentences are harsh and excessive to the degree that they are cruel and unusual punishment considering the facts of the case; and, (3) the sentences impose a cruel and unusual length of imprisonment *550 based upon the fact that Donald McMillion is a first time felony offender and the amount of cocaine at issue was small.
The trial court stated that it had reviewed the presentence investigation report (PSI) and noted that defendant was a 47-year-old first felony offender. It observed that defendant did not heed an earlier warning by police and continued with his criminal activity. The trial court set forth the sentencing range for both offenses and recapped the facts supporting the pleas. It noted that defendant is "clearly old enough to know better" and has never had the benefit of substance abuse treatment. Based on the information contained in the PSI and defendant's personal circumstances, the trial court sentenced defendant to concurrent sentences of five years imprisonment at hard labor for distribution of a Schedule II CDS (cocaine) and two years imprisonment at hard labor for possession of a Schedule II CDS (cocaine), with credit for time served. The trial court recommended that defendant participate in substance abuse treatment through the Department of Corrections. Defendant's timely filed motion to reconsider sentence was denied.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La. App.2d Cir.01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96) 672 So.2d 696. See also State v. Flores, 27,736 (La. App.2d Cir.02/28/96), 669 So.2d 646.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.04/09/03), 842 So.2d 330; State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.05/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed. 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
The record here clearly shows an adequate factual basis for the sentence imposed. Furthermore, when the crimes and punishment are viewed in light of the harm done to society by the possession and trafficking of illegal drugs, they do not shock the sense of justice. See State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, supra. We again note that the lesser sentence for the possession charge was agreed to run concurrent to the greater sentence for distribution. Finding no manifest abuse of the trial court's wide discretion on this record, these sentences will not be set aside as excessive.

Error Patent
The record reflects that the trial court failed to impose the first two years of the sentence for distribution of cocaine without benefit of parole, probation, or suspension of sentence as required by La. R.S. 40:967 B(4)(b). This deficiency will be automatically corrected by operation of La. R.S. 15:301.1.

*551 Conclusion

For the reasons set forth above, defendant's convictions and sentences are AFFIRMED.
NOTES
[1] A DNA analysis was not completed by the crime lab due to defendant's guilty plea.
[2] This court in State v. Ford, 29,170 (La. App.2d Cir.01/22/97), 687 So.2d 658, found that the defendant's Alford guilty plea was not intelligent and voluntary and noted that the state is entitled to correct this deficiency at an additional Boykin hearing at which time evidence supporting the defendant's guilt may be introduced, citing State v. Linear, 600 So.2d 113, 116 (La.App.2d Cir.05/13/92). The appeal was held in abeyance pending an additional Boykin hearing. The same procedure was followed by this court in State v. Jordan, 619 So.2d 648 (La.App. 2d Cir.1993), op'n after remand, 619 So.2d 647 (La.App. 2d Cir. 1993); State v. Fletcher, 624 So.2d 470 (La. App. 2d Cir.1993); State v. Orozco, 609 So.2d 1043 (La.App. 2d Cir.1992). See also State v. Harris, 26,608 (La.App.2d Cir.01/25/95), 649 So.2d 796, op'n after remand, 26,608 (La. App.2d Cir.06/15/95), 660 So.2d 514, in which the matter was remanded to allow the state an opportunity to cure the deficiency. Compare State v. Thomas, 29,477 (La.App.2d Cir.04/02/97), 691 So.2d 368, in which this court found the plea to be an involuntary Alford plea, vacated the guilty plea, set aside the conviction and sentence, and remanded for further proceedings.
[3] Because of defendant's agreement to plead guilty, the DNA was not processed by the crime laboratory.