BROWN, Chief Judge.
 

 | defendant, Freggie D. Mack, pled guilty to two counts of attempted second degree murder and one count of possession of cocaine with intent to distribute. The trial court sentenced defendant to 38 years at hard labor without the benefit of parole, probation or suspension of sentence on each count of attempted second degree murder and to five years at hard labor, the first two of which were to be served without benefit of parole, probation or suspension of sentence, on the possession of cocaine with intent to distribute charge. The sentences were ordered to run concurrently with credit for time served. Defendant now appeals his convictions for attempted second degree murder. He asked that “the judgment below should be reversed and a conviction of two counts of aggravated battery be substituted therefore.” For the following reasons, we affirm.
 

 Facts
 

 On June 25, 2009, the state filed a bill of information charging defendant with two counts of attempted second degree murder and one count of possession of cocaine with intent to distribute. Defendant and the state entered into a plea agreement whereby defendant would plead guilty to all three counts and in exchange the state would not file a multiple offender bill. During the
 
 Boyldn
 
 hearing on October 13, 2009, defendant freely and voluntarily entered a guilty plea on all three counts.
 

 The factual basis presented during the plea colloquy indicated that after taking PCP defendant became agitated with his mother, he retrieved a handgun and shot her and his child. When the court asked where the victims were shot, the assistant district attorney and an unidentified officer 12in the court stated that defendant’s mother had been shot once in the left breast, twice in the abdomen and once in the leg, and his son had been shot once with the bullet entering through the right side of his body and exiting through the left and grazing his arm.
 

 Defendant confirmed the conduct described, but when he was asked by the trial court whether he believed he was in fact guilty of attempted second degree murder, defendant answered “No, sir.” After conferring with his attorney and having the definitions regarding attempt and second degree murder read to him, defendant indicated that he understood the
 
 *803
 
 charges against him. The trial court again asked defendant whether he was pleading guilty because he was in fact guilty of the charged offenses; this time defendant answered in the affirmative. After his constitutional rights to a trial by jury, against self-incrimination and compulsory process were fully explained to defendant and had been waived by him, the trial court again asked defendant if he wished to maintain his guilty pleas because he was in fact guilty. Defendant again answered in the affirmative. At this point, the trial court accepted defendant’s guilty plea, ordered a pre-sentence investigation and set the matter for sentencing on January 5, 2010.
 

 At sentencing, the trial court reviewed the circumstances of defendant’s crime and his criminal and social history as reflected in the pre-sentence investigation. The trial court also heard from various people on defendant’s behalf. After considering the Article 894 factors, the trial court sentenced defendant.
 

 |
 
 aDiscussion
 

 Defendant argues that the factual basis provided during the plea colloquy was insufficient to support his convictions of attempted second degree murder. Specifically, he argues that because the record reflects his use of the hallucinogenic drug PCP prior to the commission of the offenses “no court could have concluded that he had the specific intent to kill his victims.”
 

 In order to convict a defendant of attempted second degree murder, the state must prove beyond a reasonable doubt that the defendant had the specific intent to kill.
 
 State v. Bishop,
 
 01-2548 (La.01/14/03), 835 So.2d 434. Specific intent need not be proved as a fact, but may be inferred from the circumstances and the actions of defendant. La. R.S. 14:10(1);
 
 State v. Kahey,
 
 436 So.2d 475 (La.1983);
 
 State v. Murray,
 
 36,137 (La. App.2d Cir.08/29/02), 827 So.2d 488,
 
 writ denied,
 
 02-2634 (La.09/05/03), 852 So.2d 1020.
 

 Voluntary intoxication can constitute a defense in cases where specific intent is a necessary element. La. R.S. 14:15(2). It is, however, an affirmative defense, and the burden is on defendant to prove by a preponderance of the evidence that he was in fact intoxicated at the time of the offense.
 
 State v. Hall,
 
 43,920 (La. App.2d Cir.02/25/09), 4 So.3d 295,
 
 writ denied,
 
 09-0691 (La.12/11/09), 23 So.3d 911.
 

 A plea of guilty normally waives all non-jurisdictional defects, including insufficiency of the evidence.
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976);
 
 State v. Kennedy,
 
 42,850 (La.App.2d Cir.01/09/08), 974 So](2d 203. A valid guilty plea relieves the state of the burden of proving guilt and waives a defendant’s right to question the merits of the state’s case and the factual basis underlying the conviction, as well as appellate review of the state’s case against defendant.
 
 State v. Hardy,
 
 39,233 (La. App.2d Cir.01/26/05), 892 So.2d 710. Except in the case of an
 
 Alford
 
 plea,
 
 [1]
 
 a trial
 
 *804
 
 court is not required to ascertain a factual basis for the crime prior to accepting a guilty plea.
 
 Kennedy, supra.
 
 However, doing so provides a method by which the trial court can test whether the pleas were voluntarily and intelligently entered.
 

 In the instant case, during the
 
 Boykin
 
 hearing defendant’s counsel and the state recited a significant factual basis for each offense. The record contains strong evidence of actual guilt as to the offenses charged in the challenged pleas, thereby providing a means by which the trial court could test whether or not the pleas were intelligently entered. Based upon the foregoing, the trial court properly inquired into and investigated the factual bases for the guilty pleas in light of defendant’s temporary and vague assertion of innocence. The record supports the trial court’s finding that the pleas were intelligently entered.
 

 15While defendant’s claim of voluntary drug use raises the possibility of a defense of lack of a specific intent (intoxication) as to the attempted second degree murder charges, he waived such an affirmative defense by pleading guilty.
 
 [2]
 
 Further, the mere assertion by his attorney that defendant was under the influence of an intoxicating substance at the time of the offense does not negate his admission of guilt or create grounds by which to attack the sufficiency of the evidence.
 

 Regardless, the record evinces that defendant’s guilty plea was validly entered. Therefore, he is precluded from raising on appeal any issue regarding whether there was sufficient evidence for his convictions.
 

 Conclusion
 

 For the foregoing reasons, defendant’s convictions and sentences are affirmed.
 

 [1]
 

 . The "best interest” or
 
 Alford
 
 plea, which derives from the United States Supreme Court case of
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty while maintaining his innocence. In that case, the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant!,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant’s advantage.”
 
 Id.,
 
 400 U.S. at 31, 91 S.Ct. at 164. In a case involving an Alford plea, the record must contain "strong evidence of actual guilt.”
 
 Id.,
 
 400 U.S. at 38, 91 S.Ct. at 167.
 
 State v. McMillion,
 
 42,124 (La.App.2d Cir. 06/20/07), 961 So.2d 546.
 

 [2]
 

 . We note that the record reflects a post-
 
 Miranda
 
 confession in which the defendant admitted that he retrieved the gun from his dresser and shot his mother because she would not let him leave the house. He admitted that immediately after the shootings, he hid the gun under his mother’s mattress. Before calling the police, he asked his mother to say that someone else had shot her. These factors suggest guilty knowledge in the immediate aftermath of the offense. However, they were not recited to the trial court during the plea colloquy.