LOLLEY, J.
hThis criminal appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. The defendant, Robert Dillard Whittington, III, was initially charged with communication of false information of planned arson (a violation of La. R.S. 14:54.1) and terrorizing (a violation of La. R.S. 14:40.1). Whittington pled guilty to terrorizing with an agreed five-year sentence cap; in exchange, the prosecutor dismissed the arson charge as well as charges raised in a separate bill not included in the record. Whit-tington was sentenced to serve five years at hard labor. He now appeals. For the following reasons, we affirm Whittington’s conviction and sentence.
Facts
Because Whittington pled guilty, the record reveals little evidence of the offenses that led to his conviction. According to the factual basis for the plea recited by the district attorney, sometime between August 8, 2008, and October 29, 2009, Whittington posted a letter at a deer camp that led the camp’s owner to believe that a crime of violence was imminent or in progress or that circumstances dangerous to human life existed or were about to exist. Subsequently, Whittington sent a letter to the camp owner’s home that likewise met the criminal conduct element of the terrorizing statute; it said, in part: “We comin [sic] after yo ass during deer season— when we can drop you like a deer! Right out of your stand....! We know now where you sit!” The letters were admitted into evidence. Although Whittington claims to be a resident of Texas, the letter was undoubtedly mailed to a residence in Haughton, Louisiana, which is in | ^Bossier Parish, and the bill of information specified that the hunting camp was in Bossier Parish.
Charges were filed against Whittington in March 2010, and he retained an attorney. The trial court appointed a sanity commission to examine Whittington. Based upon the commission’s report, on June 15, 2010, the trial court found Whit-tington competent to stand trial and to assist in his defense. After another hearing on November 15, 2010, the trial court allowed Whittington to represent himself, but appointed the public defender’s office as standby counsel. Whittington filed a pleading complaining that venue was improper in Bossier Parish.
On January 3, 2011, the matter was called for trial. The record reflects that the trial court ensured that an attorney from the public defender’s office was seated behind Whittington in the event he needed to consult with an attorney during the trial. The trial court addressed Wfiiit-tingtoris motion challenging venue and denied the motion, along with his earlier motion to quash, on the grounds that the victim(s) of these offenses were in Bossier Parish when the threats were made. Whittington said that he wanted to appeal the trial court’s ruling, and the trial court informed him that he could appeal the ruling along with his conviction if he were convicted.
After the trial judge explained trial procedure to Whittington in some detail, Whittington decided to enter into a plea agreement. The district attorney recited that, under the agreement, Whittington would plead guilty to terrorizing in exchange for a five-year cap on his sentence and the |adismissal of the other pending charges. Whittington agreed that he understood the agreement. The trial court conducted a thorough Boykin examination of Whittington, and Whittington agreed that he understood and waived his right to a jury trial, his right to confront the witnesses against him, and his right not to *725 incriminate himself. In addition, the trial court told Whittington that if he were convicted after a trial, he would have the right to an appeal. After the district attorney read into the record a factual basis for the plea, the defendant agreed that the recitation was correct. The terms of the plea agreement did not include any reference to an appeal by Whittington of any element, nor did the trial court note or imply that Whittington would have the right to appeal his conviction or sentence. Finally, Whit-tington himself did not attempt to condition his plea on the right to appeal any pretrial rulings.
The matter came for sentencing on March 9, 2011. The trial court reviewed Whittington’s presentence investigation and several letters sent to the court on the record. The trial court noted that Whit-tington was 70 years old, had retired from the United States Army as a lieutenant colonel and had a long-term third marriage. However, also noted was that Whit-tington and the recipient(s) of his communications had previously had run-ins that led to misdemeanor convictions for Whit-tington, and that during the investigation into the instant crimes, Whittington had made threats to “open fire on” sheriffs deputies. Accordingly, Whittington was sentenced to serve five years’ imprisonment at hard labor, the maximum under the cap to which RWhittington agreed. After imposing the sentence, the trial court informed Whittington, that he had “thirty days to appeal this sentence.... ”
Whittington filed a timely motion for appeal which the trial court granted. He also filed a “motion for post-conviction hearing” seeking a “reduction of cruel and unusual punishment,” which the trial court denied. Whittington now appeals.[1]
Discussion
Whittington’s pro se brief on appeal, per his instructions to this Court, consists of a filing initially lodged in this appeal as a criminal writ application in July 2011. In it, he argues the merits of various pretrial filings and further argues that the evidence is insufficient to support his conviction. Specifically, Whittington raises three assignments of error on appeal, submitting whether: (1) the evidence as relied upon is sufficient to support the finding of guilt; (2) venue was proper; and (8) the search and seizure of his home and seizure of items from it was valid with respect to the charge of terrorizing.
Notably, Whittington did not reserve his right to appeal any pretrial rulings when he unconditionally pled guilty to terrorizing. A criminal defendant may, with the consent of the prosecutor, enter into a plea agreement that includes the defendant’s right to seek review of specific pre-plea rulings. State v. Crosby, 338 So.2d 584 (La.1976). In the absence of such an agreement, a defendant waives his right to appellate review of fynon-jurisdic-tional issues — including the sufficiency of the evidence — by entering an unconditional plea of guilty. State v. Mack, 45,552 (La.App.2d Cir.08/11/10), 46 So.3d 801.
In the instant case, the state recited a significant factual basis for the offense. The record contains evidence of actual guilt as to the offense charged, thereby providing a means by which the trial court could test whether or not Whit-tington’s plea was intelligently entered. *726 Furthermore, we have considered Whit-tington’s guilty plea in light of the fact that he was appearing pro se during proceedings; however, at some point during his prosecution, he had been represented by counsel and he was adamant that he wished to represent himself. According to Whittington’s own repeated assertions in the record, it appears that he certainly had the means to afford defense counsel and chose not to be represented. An attorney from the public defender’s office was available to Whittington in the event he needed assistance during the proceedings. So considering, the record evinces that Whit-tington’s guilty plea was validly entered. Therefore, he is precluded from raising on appeal any issue regarding (1) sufficiency of the evidence for his convictions or (2) the search and seizure during the investigation of the charged crime, and we will not consider the assignments of error relating to those issues.
Moreover, because the prosecution of a defendant who is incompetent to stand trial will lead to a reversal of his conviction and sentence, issues concerning the competence of a defendant to stand trial are jurisdictional errors that may be reviewed on appeal notwithstanding a defendant’s guilty ^plea or his failure to specifically allege the issue as an assignment of error at the time he enters a Crosby plea. State v. Nomey, 613 So.2d 157 (La.1993). In the instant case, the trial court made a specific finding that Whittington was competent to stand trial prior to accepting the plea, so there is no jurisdictional error apparent from the record as to the issue of Whit-tington’s competency.
As to Whittington’s assignment of error regarding improper venue, although venue in a criminal case can present a jurisdictional defect under some circumstances, the law continues to require that a defendant properly preserve the issue for review. La.C.Cr.P. art. 615; State v. Burnett, 33,739 (La.App.2d Cir.10/04/00), 768 So.2d 783, writ denied, 2000-3079 (La.11/02/01), 800 So.2d 864. Assuming here that Whittington did preserve this issue for review on appeal (by challenging venue prior to pleading guilty and because of the trial court’s assurance that he could appeal the venue determination), we find no error in the trial court’s determination that venue was proper in Bossier Parish.
Whittington argues that he could not be prosecuted in Louisiana for these offenses; instead, he argues that venue was only proper in his home state of Texas.[2] Louisiana C.Cr.P. art. 611 provides, in part:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, l7the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
The locus delicti of a crime “must be determined from the nature of the crime alleged and the location of the act or acts constituting it.” State v. Hayes, 2001-3193 (La.01/28/03), 837 So.2d 1195, citing U.S. v. Cabrales, 524 U.S. 1, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998); see also State v. Joshlin, 1999-1004 (La.01/19/00), 752 So.2d 834.
Louisiana R.S. 14:40.1 provides, in part:
A. Terrorizing is the intentional communication of information that the *727 commission of a crime of violence is imminent or in progress or that a circumstance dangerous to human life exists or is about to exist, with the intent of causing members of the general public to be in sustained fear for their safety; or causing evacuation of a building, a public structure, or a facility of transportation; or causing other serious disruption to the general public.
According to the factual basis presented in conjunction with the guilty plea, one of the threats by Whittington was posted at a deer camp, the location of which was specified as Bossier Parish in the bill of information. That act was performed in Bossier Parish, thus unquestionably making venue proper there. Second, the letter containing the other threat was mailed to Bossier Parish. The act of communication traditionally involves the sending of information by one party and the receiving of information by a different party. If Whit-tington mailed his communication from Texas, his intended (and actual) recipients were residents of Bossier Parish. The act of communication was completed, in this case, by the receipt by the addressee of the letter in Bossier Parish. Further, even if Whittington was in Texas when he formed the intent to cause fear, that intent was directed toward [ 8causing fear to residents of Bossier Parish, and the nature of the crime of terrorizing is causing others to fear harm. So considering, we conclude that venue was proper in Bossier Parish, and this assignment of error has no merit.
Conclusion
For the foregoing reasons, the conviction and sentence of Robert Dillard Whit-tington, III are affirmed.
AFFIRMED.

. Upon lodging of this appeal, we noted that Whittington was appearing pro se. To clarify the record, we directed the trial court to conduct a hearing to determine if Whittington had validly waived his right to counsel on appeal. A hearing was held at the trial court and it was confirmed that Whittington, although entitled to appointed appellate counsel, was competent to waive counsel and did validly waive his right to an attorney to represent him on appeal.

. A thorough reading of Whittington's motion to change venue suggests some question whether Louisiana even had jurisdiction over him. However, for the same reason venue is proper in Bossier Parish district court (i.e., the crimes against his victims occurred in Bossier Parish), a Louisiana state court has jurisdiction over him (i.e., the crime occurred in Louisiana).