STONE, J.
The defendant, Mario T. Willis, pled guilty to molestation of a juvenile recurring during a period of more than one year in violation of La. R.S. 14:81.2(A)(1) and (C)(1). Willis was sentenced to 20 years at hard labor with the first 5 years to be served without benefit of probation, parole, or suspension of sentence. He now appeals his conviction and sentence. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 11, 2014, Shreveport Police Detective Monique Robinson ("Detective Robinson") was dispatched to University Health Shreveport in reference to a sexual assault complaint by a 16-year-old male identified as D.B.[1] Upon arriving at University Health Shreveport, Detective Robinson learned D.B. had been hospitalized for several days for what his mother believed was a cold and stomach virus. After D.B.'s condition worsened and he was placed in ICU, physicians advised D.B. and his mother that his condition was a result of being positive for syphilis and HIV. D.B. disclosed to physicians that the only sexual partner he had was Mario T. Willis ("Willis"), a 26-year-old volunteer at D.B.'s school who acted as a mentor to him.
D.B. told Detective Robinson that his sexual encounters with Willis began when he was 14 years old and occurred approximately five times over the course of two years. In a statement to police, Willis admitted to three sexual encounters with D.B. over a period of six months. He also admitted to being positive for syphilis and that he was awaiting his test results for HIV. Willis was subsequently charged by bill of information with molestation of a juvenile recurring during a period of more than one year in violation of La. R.S. 14:81.2(A)(1) and (C)(1). The state alleged Willis molested D.B. from January 2013 until August 2014 by use of, among other things, a position of control and supervision over D.B.
On April 28, 2017, pursuant to an agreement with the state, Willis pled guilty to the charged offense; both parties agreed the trial court would impose the sentence with a cap of 20 years at hard labor. Prior to accepting his guilty plea, the trial court informed Willis of his constitutional rights pursuant to Boykin v. Alabama , 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed. 2d 274 (1969), including his right against self-incrimination, his right to confront and cross-examine his accusers, and his right to a jury trial. Willis stated he understood his rights and wished to waive them by pleading guilty. Thereafter, the trial court *918 accepted Willis' guilty plea and ordered the preparation of a presentence investigation ("PSI") report.
On August 1, 2017, a sentencing hearing was held and testimony was gathered from multiple witnesses. The state presented the testimony of D.B.'s mother and uncle; Willis testified on his behalf and presented the testimony of his mother and pastor. After considering the evidence presented, including the PSI report, the trial court sentenced Willis to 20 years at hard labor with the first 5 years to be served without benefit of probation, parole, or suspension of sentence. Willis was also instructed to register as a sex offender upon his release. On August 24, 2017, Willis filed a motion to reconsider sentence arguing his sentence is excessive; it was denied by the trial court.
Willis now appeals asserting three assignments of error: 1) the trial court erred in denying his motion to recuse the Caddo Parish District Attorney's Office because of a direct conflict between the office and D.B.; 2) the trial court erred in denying his motion to quash the bill of information for containing incorrect information; and 3) the trial court imposed an excessive sentence because the state filed an improper charge.
DISCUSSION
Motions to Recuse the District Attorney's Office and Quash the Bill of Information
On October 1, 2014, D.B.'s mother filed a civil lawsuit on D.B.'s behalf against Willis and Caddo Parish School Board ("CPSB") for damages arising from the same conduct charged in this criminal prosecution. CPSB retained Dale Cox ("Cox"), a prosecutor for the Caddo Parish District Attorney's Office ("District Attorney's Office"), to represent them in the lawsuit. During the pendency of both the criminal and civil cases, District Attorney Charles Scott died suddenly and Cox, who was the First Assistant District Attorney, became the acting District Attorney. Thereafter, on May 27, 2015, Willis filed a motion to recuse the District Attorney's Office from his case because Cox, as District Attorney, had a personal interest in the outcome of Willis' criminal case which was in conflict with fair and impartial administration of his prosecution. Notably, it does not appear from the record that the trial court ruled on this motion.
On March 9, 2017, Willis filed a motion to quash the bill of information arguing the state charged him with the wrong offense. Willis supported the motion by citing D.B.'s deposition testimony from the civil lawsuit in which D.B. stated the sexual encounters between him and Willis did not occur over a period of more than one year.
On April 27, 2017, Willis filed a second motion to recuse the District Attorney's Office reiterating the argument he made in the first motion to recuse. Additionally, Willis noted that, during depositions taken in the civil lawsuit, Cox elicited testimony from D.B that the sexual encounters between him and Willis did not occur over a period of more than one year. Willis stated the elicited testimony was in direct contradiction to the facts alleged by the state in the bill of information. Although Cox was no longer associated with the District Attorney's Office when the second motion to recuse was filed, Willis asserted Cox's prior employment with the District Attorney's Office placed the state in a position of having to dispute the evidence gathered by one of its employees during the time of his employment.
A hearing on the motion to quash and second motion to recuse was held on April 28, 2017. After considering the arguments of the parties, the trial court denied both motions. As it pertains to the motion to *919 recuse, the trial court found that, if Cox had a personal interest that conflicted with the fair and impartial prosecution of Willis, the issue was removed when Cox ceased employment with the District Attorney's Office. As for the motion to quash, the trial court concluded the state had the right to bring any charges against Willis it deemed appropriate because the state still bears the burden of proof to convict him.
On appeal, Willis argues the trial court erred in denying his motions to recuse the District Attorney's Office and quash the bill of information. In general, a plea of guilty waives nonjurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. State v. Mack , 45,552 (La. App. 2 Cir. 8/11/10), 46 So.3d 801 ; State v. Whittington , 46,723 (La. App. 2 Cir. 12/14/11), 80 So.3d 723. A valid guilty plea relieves the state of the burden of proving guilt and waives a defendant's right to question the merits of the state's case and the factual basis underlying the conviction, as well as appellate review of the state's case against the defendant. State v. Mack , supra ; State v. Hardy , 39,233 (La. App. 2 Cir. 1/26/05), 892 So.2d 710. Nonetheless, Willis asserts he entered a guilty plea pursuant to State v. Crosby , 338 So.2d 584 (La. 1976), and thus, reserved his right to seek appellate review of the trial court's denial of the motion to recuse and the motion to quash.[2] To the contrary, the state asserts Willis entered a guilty plea pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970), thereby precluding his right to seek review of the trial court's pre-plea rulings.[3]
A review of Willis' guilty plea hearing reveals the state offered Willis a plea agreement in which he would plead guilty as charged with a 20-year sentencing cap. Willis was given until the adjournment of court that day to accept or reject the offer. Willis accepted the plea agreement, but defense counsel requested that the guilty plea be made "a nolo contendere plea." The state objected and the trial court denied the defense's request. After the state recited the facts for the record, Willis denied the facts were true, asserting the molestation recurred for a period of less than one year. Thereafter, the following exchange took place regarding modification of the plea agreement:
MR. CARMOUCHE: Enter an Alford plea then we would do that.
THE COURT: All right. So we'll show the plea modified to a plea pursuant to Alford . Is that correct, Mr. Carmouche?
MR. CARMOUCHE: That's correct, Judge.
*920 THE COURT: All right. All right. So and you'll respond to the allegations, Mr. Carmouche?
MR. CARMOUCHE: I'm sorry?
THE COURT: You'll respond pursuant to Alford as to the allegations that the State has alleged?
MR. CARMOUCHE: Yes, Your Honor, and, you know, that also kind of encompasses the nolo plea and those things.
MR. STAMPS: Objection, Your Honor. It does not. Those are two different standards. What Alford indicates is that the defendant is pleading under circumstances where he believes the facts are different, but if he went to trial it's likely that he would be convicted. That's what the Alford standard is. When we talk about a nolo contender what we are talking about is there could be no civil remedies that result from this plea. Two different things and I don't want counsel to confuse the record on what the law is as to what we're doing here today.
THE COURT: All right. So, Mr. Carmouche, do you wish to respond on behalf of your client pursuant to Alford ?
MR. CARMOUCHE: Your Honor, that's fine. We'll do the Alford plea and get this done today.
THE COURT: All right, pursuant to Alford .
MR. CARMOUCHE: Pursuant to Alford .
After finding a factual basis for the guilty plea, the trial court accepted Willis' Alford plea and found it was made freely and voluntarily.
Although Willis objected to the trial court's denial of his motions, the record clearly shows his guilty plea was entered pursuant to Alford , supra , not Crosby , supra. Willis did not expressly reserve the right to appeal the trial court's rulings on the motions and there is no indication that he pled guilty with the expectation that those rulings would be reviewed on appeal. As such, Willis is precluded from appellate review of the trial court's rulings on his motion to recuse the District Attorney's Office and motion to quash the bill of information.
Excessive Sentencing
Willis argues his 20-year sentence is excessive because the state filed the improper charge by alleging the offense recurred during a period of more than one year. Willis contends that, had the state alleged the offense recurred for a period of less than one year, the maximum sentence imposed would have only been 10 years.
Whoever commits the crime of molestation of a juvenile by violating the provisions of Paragraph (A)(1) of this Section, when the incidents of molestation recur during a period of more than one year, shall, on first conviction, be fined not more than $10,000.00 or imprisoned, with or without hard labor, for not less than 5, nor more than 40 years, or both. At least 5 years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.2(C)(1).
La. C. Cr. P. art. 881.2(A)(2) provides that a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Thus, a defendant is precluded from seeking review of his sentence if it was imposed under a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. State v. Young , 96-0195 (La. 10/15/96), 680 So.2d 1171 ; State v. Jackson , 51,011 (La. App. 2 Cir. 1/11/17), 211 So.3d 639.
*921 As a part of his plea agreement with the state, Willis agreed the trial court would determine his sentence subject to a cap of 20 years at hard labor. Willis argues his sentencing range should be 5-10 years because the state charged him with the wrong offense. However, whether or not the molestation occurred for more than one year was a question of fact to be determined by a jury, and Willis forfeited his right to have a jury determine that fact by pleading guilty. After considering the PSI report, letters, and testimony, the trial court imposed a sentence within the agreed-upon cap of 20 years at hard labor. Thus, Willis is precluded from seeking review of his sentence. Young, supra ; Jackson, supra .
Notwithstanding, despite Willis' expressions of remorse, his sentence is not a purposeless and needless infliction of pain and suffering, nor is it disproportionate to the offense. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980). The trial court placed significance on the devastating health issues, both physically and mentally, D.B. now suffers and will continue to suffer as a result of Willis' actions. The trial court also found Willis would likely reoffend due to his testimony that minors "14 and above" could consent to sex with adults. As such, the trial court did not abuse its discretion in sentencing Willis to 20 years at hard labor. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7.
CONCLUSION
For the foregoing reasons, Willis' conviction and sentence are affirmed.
AFFIRMED.

In order to maintain confidentiality of the proceedings, as required by La. Ch. C. art. 412 and U.R.C.A. Rule 5-2, minors are referred to by initials.

Subject to the trial court's discretion, a defendant may enter a plea of guilty pursuant to State v. Crosby, supra , which permits a defendant the right to reserve identified pre-plea errors for appellate review. The function of a Crosby plea is to permit a fair and efficient review of a central issue when the pre-plea ruling on that issue, if erroneous, would mandate reversal of any resulting conviction. State v. Cooper , 43,809 (La. App. 2 Cir. 1/14/09), 2 So.3d 1172.

Under Alford, supra , a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant [,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." State v. Stevenson , 45,371 (La. App. 2 Cir. 6/23/10), 41 So.3d 1273 ; State v. McMillion , 42,124 (La. App. 2 Cir. 6/20/07), 961 So.2d 546. In a case involving an Alford plea, because the defendant protests his innocence, constitutional due process requires that the record contain "strong evidence of actual guilt." State v. Stevenson , supra ; State v. McMillion , supra.