Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,046-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

VERSUS

JAE'LYON JAVONTE                                      Appellant
DERION WARE

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 362,655

Honorable John Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

WILLIAM J. EDWARDS
REBECCA A. EDWARDS
Assistant District Attorneys

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the First Judicial District Court, Parish of Caddo, State of Louisiana, the Honorable John Mosely, Jr., presiding. Defendant, Jae'lyon Javonte Derion Ware, pled guilty to manslaughter, a violation of La. R.S. 14:31, pursuant to a plea agreement which capped his potential sentence at 20 years. Thereafter, the trial court sentenced Ware to 20 years' imprisonment at hard labor, to run concurrently with any other sentence he would be required to serve, and with credit for time served. Ware has appealed, urging the excessiveness of his 20-year sentence. For the reason set forth below, we affirm Ware's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND

On November 3, 2018, Ware and three other young males, Demarea Jefferson, A.M., and L.P.,[1] arrived at the Woodlawn Terrace apartment complex located at 717 West 68th Street in Shreveport, Louisiana. Jefferson placed a call to order a pizza, and the men planned to rob the delivery person who arrived with their order. After the call was made, Ware exited the vehicle in which the men were waiting and walked around the apartment complex. Ware attempted to rob an older man he encountered but was unsuccessful because the intended victim was able to escape. Ware returned to his friends waiting in the parking lot and told them of his encounter.

When the pizza delivery person arrived with their order, the men believed him to be the person Ware had tried to rob earlier, and fired shots at the delivery vehicle. The victim, Lester McGee, who was driving the

---

[1] A.M. and L.P. were juveniles.

delivery car, was killed by two of the shots fired by the men. Ware was armed with a 9-mm handgun, and the fatal shots were consistent with having been fired from an assault rifle which was used by either Jefferson or A.M. Ware fired at least three shots from his weapon into the air after returning to the scene although he initially fled when his accomplices opened fire.

On February 14, 2019, a Caddo Parish grand jury indicted Ware for second degree murder, a violation of La. R.S. 14:30.1. On August 23, 2021, the State amended the indictment to charge him with manslaughter, a violation of La. R.S. 14:31. On that date, Ware pled guilty to manslaughter pursuant to a plea agreement with an agreed-upon sentencing cap of 20 years. During the guilty plea colloquy, after determining Ware's age and education level, the trial court advised Ware of his rights and explained that by pleading guilty, he would be waiving those rights. Ware stated that he understood, and the prosecutor recounted a factual basis for the plea. The trial court then ordered a pre-sentence investigation ("PSI") report and scheduled a hearing for March 2, 2022.

At the sentencing hearing, several people testified, including the victim's mother, who related that at the time of his death, her son was working two jobs to provide a good Christmas for his children. She further explained that her son was a "wonderful, kind, hardworking, dedicated" person. Along with character references submitted into the record on behalf of Ware, the defendant himself testified. Of note is that he gave condolences to the victim's family.

The trial court stated it had considered the evidence presented at the hearing, the briefs filed by the State and Ware's counsel, and the letters submitted on Ware's behalf. The trial court further recognized Ware's

2

expression of remorse for what had taken place. The court listed aggravating factors it considered, including that Ware was charged with another robbery in Bossier Parish that occurred shortly after the instant offense; pictures of Ware holding weapons, which were proof of his possession of firearms on at least two different occasions; and Ware's propensity for danger.

The trial court then recognized the plea agreement and opined that its sentencing cap of 20 years resulted from its belief that "the State was put in that position to—because of a witness that I believe escaped and cannot be found. The defense did an excellent job in working out a deal for the defendant." The trial judge strongly believed that the defendant would commit another crime should a lesser sentence be imposed, and for that reason, he sentenced Ware to 20 years' imprisonment at hard labor to run concurrently with any other sentence he is required to serve. The trial court also stated that Ware was to be given credit for any time served.

At that time, the trial court advised Ware that he had 30 days in which to appeal his sentence and two years from the date his sentence and conviction become final within which to apply for post-conviction relief. Defense counsel objected to the sentencing range "to cover his bases" because "this was somewhat of an agreed-upon sentence." Although no motion to reconsider sentence was filed, defendant has appealed his sentence as excessive.

## DISCUSSION

Defendant's sole assignment of error is that his 20-year sentence for manslaughter, although consistent with his plea agreement, is nonetheless excessive under the circumstances of this case. Specifically, Ware argues

that he was only 16 years old at the time of this offense, was not the ringleader who decided to rob the victim, and was not the person who fired the fatal shot that killed the victim. According to Ware, rather than treating him as an individual, the trial court focused on the offense.

The State argues that, because defendant's sentence was imposed in conformity with the sentencing cap set forth on the record at the time of his plea, Ware cannot appeal his sentence as excessive. *See*, La. C. Cr. P. art. 881.2(A)(2). However, even if this Court were to consider the 20-year sentence for excessiveness, the State asserts that the record supports the sentence imposed. The record shows that the trial court set forth its considerations in support of the sentence it imposed upon Ware, which is not excessive by constitutional standards.

La. R.S. 14:31 provides in part:

A. Manslaughter is:

(3) When the offender commits or attempts to commit any crime of violence as defined by R.S. 14:2(B), which is part of a continuous sequence of events resulting in the death of a human being where it was foreseeable that the offender's conduct during the commission of the crime could result in death or great bodily harm to a human being, even if the offender has no intent to kill or to inflict great bodily harm. For purposes of this Paragraph, it shall be immaterial whether or not the person who performed the direct act resulting in the death was acting in concert with the offender.

B. Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years[.]

La. C. Cr. P. art. 881.2(A)(2) provides that the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This rule applies to sentences imposed under an agreed sentencing cap as well as sentences for an agreed-upon term of years. *State v. Young*, 96-0195 (La.

4

10/15/96), 680 So. 2d 1171; *State v. Willis*, 52,126 (La. App. 2 Cir. 8/15/18), 253 So. 3d 915; *State v. Thomas*, 51,364 (La. App. 2 Cir. 5/17/17), 223 So. 3d 125, *writ denied*, 17-1049 (La. 3/9/18), 238 So. 3d 450; *State v. Smith*, 49,163 (La. App. 2 Cir. 6/25/14), 145 So. 3d 1097.

As noted above, Ware pled guilty with a sentence cap of 20 years, and the sentence imposed, although at the upper limit of the agreed-upon range, is in conformity with the plea agreement. Thus, he is precluded from seeking review of his sentence. *State v. Young*, *supra*; *State v. Willis*, *supra*.

Nonetheless, Ware's sentence is neither grossly out of proportion to the severity of the crime nor a purposeless and needless infliction of pain and suffering. La. Const. art. I, § 20; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). In this case, as noted above, although recognizing the youthful defendant's remorse and condolences to the family of the victim, the trial court felt strongly that the defendant would commit another crime should a lesser sentence be imposed. As such, we cannot say that the trial court abused its discretion in imposing this sentence.

## CONCLUSION

For the reasons set forth above, the conviction and sentence of defendant, Jae'lyon Javonte Derion Ware, are affirmed.

**AFFIRMED**.

5